DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Brian Keith Roth appeals the denial of his motion to modify child support. We reverse and remand.
 I.
Brian and plaintiff-appellee Sandra Denise Roth were divorced in 1994. The couple had two children. At the time of the divorce, Brian submitted a child support computation worksheet indicating that Brian's annual child support obligation should be $4,044.88. This figure was based on an income of $10,000.00 for Brian and $25,000.00 for Sandra. Sandra also submitted a worksheet attributing $18,000.00 in income to Brian and requiring substantially higher child support payments. The trial court accepted the income figures provided by Brian and ordered him to pay child support in accordance with the results of his worksheet.
On September 26, 1996, Brian filed a motion to modify his child support obligation. In support of this motion, Brian filed a new worksheet based on income figures of $6,380.00 for himself and $33,520.00 for Sandra. The result of the new worksheet was an annual child support obligation of $1,512.80.
Brian's motion was submitted to a magistrate. The magistrate held a hearing where Brian submitted tax records from both parties. Both parties testified and confirmed the accuracy of the respective tax records. Additionally, Sandra testified that she was paying for hospitalization for the children, and Brian testified that he did not take any depreciation deductions in 1995, but that he may take some depreciation deductions in the future. The magistrate concluded that the income figures supplied by Brian were accurate, but stated:
 The Magistrate feels that the Court should impute income to the defendant at least in the amount that he was earning at the time the parties were divorced. If he is only earning $6,300 per year in his current employment, he should strongly consider finding another job. The Magistrate finds that he is capable of earning $18,000 a year and has used that figure for support calculation purposes.
Based on this imputed income, the magistrate found that any changes resulting from Sandra's increased income were insignificant and recommended that Brian's motion be denied.
The trial court found that the magistrate was incorrect in imputing $18,000.00 of income to Brian, noting that it had actually used $10,000.00 to calculate Brian's support obligation at the time of the divorce. Nevertheless, the court adopted the magistrate's decision without explanation. Brian appeals, and Sandra has not filed a brief on appeal.
 II.
Although child support determinations are generally governed by an abuse of discretion standard, Booth v. Booth (1989),44 Ohio St.3d 142, 144, "[t]he terms of R.C. 3113.21.5 are mandatory in nature and must be followed literally and technically in all material respects." Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph two of the syllabus. In this case, the trial court has abused its discretion by failing to comply literally and technically with R.C. 3113.21.5. Therefore, we reverse and remand.
When an obligor requests the modification of a child support order, a trial court is required to use a child support computation worksheet to recalculate the modified support obligation. R.C. 3113.21.5(B)(4). If the amount of support indicated by the new worksheet changes by ten percent from the previous order, then the courts are required to modify the support order. Id. See, also, DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, paragraph two of the syllabus. In regards to Brian's requested modification, the record only contains one new worksheet. This new worksheet is based on an income of $6,380.00 for Brian and $33,520.00 for Sandra, and results in an annual support obligation of $1,512.80. The previous support order required Brian to pay $4,044.88 annually. Clearly, the amount of support indicated by the new worksheet has changed by more than ten percent. Therefore, R.C. 3113.21.5(B)(4) and DePalmo, supra, would seem to require that Brian's support obligation be modified. However, without explanation, the trial court refused to modify the previous support order.
Although a trial court is not required to accept a worksheet prepared and submitted by one of the parties, R.C. 3113.21.5(B)(1), it must use a worksheet to calculate support and must include that particular worksheet in the record. See Marker, supra at 142. Again we note that the record only contains one new worksheet, and that worksheet seems to require that Brian's support obligation be modified.
A trial court is only permitted to deviate from the worksheet if it finds that the amount indicated would be unjust or inappropriate and not in the best interests of the child. R.C. 3113.21.5(B)(1)(a). In order to justify such a deviation, the court is required to explicitly enter this finding in its journal, along with findings of fact in support of the deviation. R.C. 3113.21.5(B)(1)(b). However, in this case, the record is utterly devoid of any attempt to justify a deviation from the worksheet.
In conclusion, when calculating child support, a child support computation worksheet must be completed and included in the record. Marker, supra at paragraph one of the syllabus. The amount of support indicated by the worksheet is "rebuttably presumed" to be correct. R.C. 3113.21.5(B)(1). In this case, there is only one new worksheet in the record — the worksheet submitted by Brian — and the trial court has done nothing to rebut the presumption that this worksheet indicates the correct amount of support. Based on the state of the record before us, the trial court should have applied the ten percent rule set forth in R.C. 3113.21.5(B)(4) to the new worksheet submitted by Brian and modified Brian's support obligation accordingly. However, without explanation, the trial court has refused to make this modification. Therefore, we reverse and remand for a redetermination of Brian's support obligation in accordance with the procedures set forth in R.C. 3113.21.5.
On remand, if the trial court desires to calculate support based on figures other than those submitted by Brian, the trial court must complete its own worksheet using the other figures. If the trial court desires to deviate from the worksheet, the trial court must justify this deviation on the record. If, after all of this, there is still a ten percent difference between the original support order and Brian's new support obligation, then the trial court must modify Brian's support obligation accordingly.
Judgment reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
SLABY, P. J.
BAIRD, J.
CONCUR.