OPINION
Appellants Jamie Yeager and the Guernsey County Department of Human Services filed a complaint against Joseph Kane, alleging that he was the father of twins, Jessica and Jordan, born to appellant Yeager on November 21, 1994. Appellants sought an establishment of paternity, a determination of parental rights and responsibilities, and an award of both past and future child support. While the case was pending, appellant Yeager gave birth to another child, Josephine Kane.
Appellee admitted paternity of all three children based on genetic testing results. Following a hearing, the court found that appellee owed a child support arrearage in the amount of $14,332.72, and ordered the Guernsey County Child Support Enforcement Agency to credit him for any temporary child support payments made toward the arrearage. As to current and future child support, the court ordered appellee to pay $218.78 per month, per child. The court stated in its judgment that the amount reflected a deviation from guideline levels and a credit for $25 per week adjustment of appellee's income, for gas and travel expenses. The court further awarded the dependency tax exemptions on the twins to appellee, and split the tax dependency exemption for the third child between the parties, in alternate years.
Appellants assign seven errors:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN FAILING TO COMPLETE WORKSHEETS AS TO THE CHILD SUPPORT AWARD FOR THE PERIOD DATING BACK TO THE CHILDREN'S BIRTHS AND MAKE THEM PART OF THE RECORD AS REQUIRED BY R.C. 3113.215.
 II. THE TRIAL COURT ERRED BY FAILING TO REDUCE THE CHILD SUPPORT OBLIGATION DATING BACK TO THE CHILDREN'S BIRTHS TO A DEFINITE LUMP SUM JUDGMENT.
 III. THE TRIAL COURT ERRED IN FAILING TO AWARD INTEREST IN THE SUM OF TEN PER CENT (10%) PER ANNUM UPON THE CHILD SUPPORT OBLIGATION DATING BACK TO THE CHILDREN'S BIRTHS.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING THE APPELLEE TO PAY ONLY $22.10 PER MONTH TO THE APPELLANTS TOWARDS HIS TOTAL CHILD SUPPORT OBLIGATION DATING BACK TO THE CHILDREN'S BIRTHS.
 V. THE TRIAL COURT ERRED IN GRANTING TO THE APPELLEE A DEVIATION FOR A GAS/TRAVEL EXPENSE IN HIS CURRENT CHILD SUPPORT OBLIGATION WITHOUT MEETING THE PROCEDURAL AND SUBSTANTIVE REQUIREMENTS OF R.C. 3113.215.
 VI. THE TRIAL COURT ERRED BY USING ON THE WORKSHEET AN INCORRECT FIGURE FOR APPELLEE'S GROSS INCOME, BY ALLOWING THE APPELLEE A DEDUCTION FOR UNDOCUMENTED CHILD SUPPORT PAYMENTS, AND BY GRANTING TO THE APPELLEE A DOUBLE-CREDIT FOR HEALTH INSURANCE.
 VII. THE TRIAL COURT ERRED IN AWARDING TO THE APPELLEE TAX EXEMPTIONS FOR MINOR CHILDREN WITHOUT CONSIDERING WHETHER THE ALLOCATION WOULD PRODUCE A NET TAX SAVINGS TO HIM AND MS. YEAGER, AND BE IN THE "BEST INTERESTS" OF THE CHILDREN.
 I.
Appellant argues that the court erred in failing to complete child support computation worksheets concerning the period of time from the birth of the twins to the date of the hearing.
A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3313.215, must actually be completed and made a part of the trial court's record. Markervs. Grimm (1992), 65 Ohio St.3d 139, paragraph one of the syllabus. This requirement is mandatory in nature, and must be followed in all material respects. Id. at paragraph two of the syllabus.
The trial court failed to complete a worksheet concerning the child support due from the date of birth of the children to the date of the hearing. In fact, the court failed to explain how it arrived at the figure of back child support.
The first Assignment of Error is sustained.
 II., III., IV.
The second, third, and fourth Assignments of Error claim error in the back child support award. As we must reverse this award due to the court's failure to complete the worksheets, and remand for further proceedings, these Assignments of Error are rendered moot by our disposition of Assignment of Error I.
 V.
Appellant argues that the court failed to adequately explain its deviation from the current child support guidelines for appellee's gas and travel expense.
The court merely found that the amount of child support is a deviation from guideline levels, and reflects a credit of $25 per week adjustment for a gas/travel expense. Any court order deviating from the applicable worksheet and the basic child support schedule must be entered by the court in its journal, and must include Findings of Fact to support such determination.Marker, supra, at paragraph three of the syllabus. The court did not include Findings of Fact to support its conclusion that a deviation from the child support guidelines was appropriate, based on appellee's gas and travel expense.
The fifth Assignment of Error is sustained.
 VI.
Appellant argues that as to current child support, the court used an incorrect figure for appellee's gross income. This relates to the gas and travel expense, considered in Assignment of Error V. above. Appellant's claim is rendered moot by our disposition of Assignment of Error V., as the court failed to adequately support the deviation with Findings of Fact.
Appellant argues that the court erred in the current child support calculation by allowing appellee a deduction for undocumented child support payments to other children. When counsel for appellant questioned him at the hearing as to whether he was paying $3,848 per year in child support for other children, appellant responded that the figure possibly could be correct, and he was paying about $80 per week. Tr. 32-33. Appellant submitted no documentation to support a finding that he paid $3,848 in child support for his other two children. Therefore, the court's finding that he paid this amount in other child support is not supported by sufficient evidence, as appellant could not testify as to the exact amount, and the withholding documentation was not submitted to the court.
Appellant also argues that the court granted appellee a double credit for health insurance. This is without merit. On Line 19, the health insurance costs are listed. On Line 23, the amount of the health insurance listed on Line 19 is deducted from the annual support obligation, as determined by the guidelines. Therefore, appellee was not given a double deduction for health insurance.
The sixth Assignment of Error is sustained in part, and overruled in part.
 VII.
Appellant argues that the court erred in awarding appellee the tax exemptions without considering whether the allocation would produce a net tax savings to him and to appellant, and would be in the best interests of the children.
The allocation of the dependency exemption may be awarded to the non-custodial parent when that allocation would produce a net tax savings for the parents, thereby furthering the best interest of the children. Singer vs. Dickinson (1992), 63 Ohio St.3d 408, paragraph two of the syllabus. The court's judgment does not make any findings concerning whether allocating the deduction to appellee would produce a net tax savings for the parties. If a trial court exercises the authority to allocate a child dependency deduction to the non-custodial parent, the record must show that the interest of the child has been furthered. Bobo vs. Jewell
(1988), 38 Ohio St.3d 330, 332. The record in this case does not show that the interest of the children has been furthered by allocating the exemption to appellee, nor did the court make findings to demonstrate the net tax savings.
The seventh Assignment of Error is sustained.
The judgment of the Guernsey County Common Pleas Court, Juvenile Division, is reversed. This case is remanded to that court for further proceedings according to law, consistent with this Opinion.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Guernsey County Common Pleas Court, Juvenile Division, is reversed. This case is remanded to that court for further proceedings according to law, consistent with this Opinion. Costs to appellee.