This case is on appeal from the April 24, 1998 judgment of the Lucas County Court of Common Pleas, Juvenile Division, which increased the child support obligation of appellant, Daryle P. On appeal, appellant asserts the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT INFERRED AN INCOME OF $22,951 TO DEFENDANT FOR PURPOSES OF COMPUTING HIS CHILD SUPPORT OBLIGATION.
"ASSIGNMENT OF ERROR NO. 1 [sic]
 THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING DEFENDANT'S CHILD SUPPORT BECAUSE THERE WAS NO SUBSTANTIAL CHANGE OF CIRCUMSTANCES.
"ASSIGNMENT OF ERROR NO. 1 [sic]
 THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Lucas County Child Support Enforcement Agency, hereinafter the "agency," and Sabrina P., appellees, brought an action against appellant for support on October 1, 1996. They alleged that a parent-child relationship was established between the minor child, Kenzlie P., born October 28, 1993, and appellant. On February 14, 1997, appellant was found to be the father of the child and ordered to pay child support of $166.69 monthly beginning February 1, 1997, and provide health insurance coverage for the child. Appellant paid the child support directly to Sabrina P. until September 28, 1997, when both parties agreed to authorize the agency to credit appellant's account for the amount of the direct payments and agreed to make all future child support payments through the agency.
On September 15, 1997, Sabrina P. filed a request with the agency to increase the amount of child support. An administrative hearing was held by the agency on September 29, 1997, pursuant to R.C. 3113.216. The hearing officer concluded that appellant's gross income is difficult to assess because of the nature of his employment. But, since appellant testified that he could earn up to $34,000, the hearing officer used this figure as appellant's income. The hearing officer also concluded that this amount is equal to what he could earn if regularly employed by an outside employer rather than being self-employed. The agency recommended to the court that appellant's support obligation be increased to $443.24 monthly beginning November 1, 1997.
Appellant then requested a "Court Mistake of Fact Hearing," arguing that the imputed income finding was erroneous. At a hearing before a magistrate on December 18, 1997, the following evidence was presented. Appellant testified that his expected income for 1997 would be $12,840. Appellant's income tax returns for 1995 and 1996 indicate that his net income for those two years was $11,866 and $7,655, respectively. He also testified that he lives in the city of Toledo, in a home inherited from his grandfather. Appellant valued the home at $25,000, and he further testified that he owes a $20,000 mortgage on the property. He also testified that he drives a twelve-year old BMW with 126,000 miles, valued at $2,000-$3,000, on which he owes $2,400; that he has not taken a vacation since this child was born; that the highest income he ever earned as a hairdresser in the last twenty-one years was $20,000; and that his hair replacement company he recently started with a loan from the city of Toledo has not yet generated a profit despite the fact that he is working ten-to-twelve hours a day.
Appellee, who was unrepresented, did not submit any evidence. However, she told the court that she did not believe that appellant had a mortgage on his home and that when she lived with him for five years, she knew that he earned at least $34,000 a year for two of those years by working out of his home. She also stated that she believed that he lives a flashy lifestyle which reflected a higher income.
While the court indicated that it would give appellant time to present evidence of the mortgage and automobile loan and he indicated that he could supply it, such evidence is not in the record.
The magistrate found that the CSEA recommendation was incorrect because appellant's income was overestimated. The magistrate imputed income to appellant of $22,951 based upon his prior salary history, his expertise, and experience in his occupational field. The magistrate recommended that appellant pay $354.27 monthly beginning January 1, 1998. Appellant objected to the magistrate's report. However, on April 24, 1998, the court denied appellant's objections and adopted the findings and decision of the magistrate. Appellant then sought an appeal to this court.
Appellant argues in his first assignment of error that the trial court abused its discretion when it inferred income of $22,951 to appellant. He argues that while he had gross receipts of $22,951 in 1995, this figure must be reduced by his gross expenses of $11,085, leaving him a gross income of $11,866. Appellant argues in his second assignment of error that the court did not have the jurisdiction to modify his child support obligation because there was no significant change of circumstances to warrant an increase in his obligations. He asserts that appellee's unfounded allegation that his income had been understated is insufficient to warrant a change in support. Finally, appellant argues in his third assignment of error that the court's calculation of his gross wages is contrary to the manifest weight of the evidence. All three of appellant's assignments of error will be addressed simultaneously.
This case arises from an administrative hearing within CSEA under R.C. 3113.216. The hearing before the court occurred pursuant to R.C. 3113.21(C). Under the latter statutory section, the court is only required to determine whether the recommended child support obligation is appropriate. R.C.3113.21(C)(1)(c)(i) and Gross v. Wilson (Mar. 31, 1995), Greene App. No. 94-CA-57, unreported.
The ten percent deviation rule imposed by R.C. 3113.215(B)(4) is applicable even in cases arises under R.C. 3113.216. R.C.3113.215(B)(1). In this case, there was at least a ten percent increase the amount of child support that would be due if the court found that appellant's income was higher than originally believed. Therefore, the court did have jurisdiction to modify its prior child support order.
Furthermore, the court in this case did not find that appellant is underemployed. Rather, it found that he is not reporting his true income and underestimates his future income. Therefore, the court determined appellant's income based upon his 1995 gross business receipts of $22,951. The court indicated that this figure is based upon what appellant has earned in the past and what a nationally-known expert hairdresser with twenty years of experience could minimally earn.
On appeal, we must review the child support order under the abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142,144. See, also, Rock v. Cabral (1993), 67 Ohio St.3d 108,111, syllabus. In this case, we find that there is no evidence in the record that appellant is a nationally-known expert in his field. There is only evidence submitted to the hearing officer that indicates that he is known in the state of Ohio for his work in the area of hair replacement. There is also no evidence of what the prevailing wage is for this type of specialist hairdresser with twenty years of experience. Nonetheless, appellant's 1995 income tax return does support a finding that appellant's past gross receipts were as high as $22,951.
There is no statutory limitation on the court restricting its assessment of a parent's income when it appears to the court that the parent is hiding income. We conclude that the court has the discretion to make a determination of that parent's income based upon the evidence. Therefore, we find that it was not an abuse of discretion for the trial court to conclude that appellant is earning at least as much as he did in the recent past.
However, the court must also reduce self-generated gross income by the ordinary and necessary business expenses incurred, unless they are significant and reduce personal living expenses. R.C. 3113.215(A)(3). In this case, it is unclear if the court completed the statutory child support worksheet or if it merely failed to make it a part of the record as required by law. Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph one, two and three of the syllabus. While it appears that the court correctly concluded that appellant generated $22,951 in gross receipts, it is not clear from the record whether it then deducted all or a portion of his ordinary and necessary business expenses itemized on Schedule C of his tax return when it calculated the amount of child support due.
Accordingly, we find appellant's first assignment of error well-taken and his second and third assignments of error not well-taken. Having found that the trial court committed error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed and this case is remanded to the lower so that it can recalculate. appellant's child support obligation. Upon remand, the lower court should calculate and award support in accordance with the procedures set forth in R.C. 3113.215 and explain, in its judgment entry, any deviation from the basic child support schedule and worksheet. The court must also then incorporate the worksheet into its record. Pursuant to App. R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. --------------------- JUDGE
Melvin L. Resnick, J. --------------------- JUDGE
Richard W. Knepper, J. CONCUR. ---------------------- JUDGE