OPINION
Plaintiff-appellant, Beth A. Dickens, appeals from a judgment of the Franklin County Common Pleas Court, Division of Domestic Relations, denying plaintiff's motion to modify child support.
Plaintiff and defendant-appellee, Harrison C. Joseph, entered into an agreement November 10, 1994, acknowledging defendant to be the father of Michael Dickens, born May 28, 1988, and agreeing to a monthly child support obligation for defendant of $2,000 per month. The parties acknowledged the agreed amount was lower than the statutory amount, but concluded it was justified due to the fluctuating income of defendant's business, a housing consulting firm in which defendant's wife, Sandra, has played an integral part. The agreement was journalized by the court as an Agreed Judgment Entry, filed January 11, 1995.
On May 6, 1997, plaintiff filed a motion to increase defendant's child support obligation. Following a hearing before a magistrate, the magistrate concluded that Michael was being well provided for and the $2,000 per month in child support was more than sufficient to meet Michael's needs. The trial court adopted the magistrate's decision the same day. Plaintiff filed objections to the magistrate's decision. Following briefing on the objections, the trial court overruled the objections. Plaintiff appeals, assigning the following errors:
 I. THE MAGISTRATE COMMITTED REVERSIBLE ERROR BY FAILING TO CALCULATE THE AMOUNT OF CHILD SUPPORT IN ACCORDANCE WITH THE GUIDELINE PROVIDED BY R.C. § 3113.215.
 II. THE MAGISTRATE ERRED AS A MATTER OF LAW BY ENFORCING A PROVISION WHICH LIMITS THE AMOUNT OF CHILD SUPPORT FOR WHICH THE [DEFENDANT]-APPELLEE IS LIABLE.
 III. THE MAGISTRATE ABUSED HER DISCRETION BY CONCLUDING THAT THE DEFENDANT WAS ENTITLED TO REDUCE HIS ANNUAL INCOME BY ALLOCATING 50% OF HIS SALARY TO HIS SPOUSE, SANDRA JOSEPH.
Plaintiff's first and second assignments of error are interrelated and thus will be addressed jointly. Together they assert the trial court erred in failing to calculate defendant's child support obligation pursuant to the statute, instead enforcing the agreement between the parties which limited the amount of child support. Where, as here:
 [A] support order already exists, the only test to determine whether child support should be modified is set forth by R.C. 3113.215(B)(4):
 "If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule * * *, and if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule * * * shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order * * *." If there is a sufficient change in circumstances, the court shall require support in the amount set by the guidelines unless that amount would be unjust or inappropriate and not in the best interest of the child.
DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, 539-540. (Emphasissic.) If the court modifies the order, the court must follow the Child Support Guidelines pursuant to the standard set out inMarker v. Grimm (1992), 65 Ohio St.3d 139. DePalmo at 538. "The trial court * * * has the obligation to test any proposal of the parents to see if it meets the Child Support Guidelines under theMarker standard even if the parties agree between themselves to a different amount * * *." DePalmo at 540.
Here, the parties originally agreed the amount of support should deviate downward from that specified in the Child Support Guidelines. Faced with plaintiff's motion, the trial court should have made the necessary calculations under R.C.3113.215(B)(4) and, on finding a ten percent discrepancy, should have required child support in the amount set by the Child Support Guidelines and then determined whether an adjustment from that amount would be unjust, inappropriate, or not in the best interests of the child.
Defendant concedes the trial court did not prepare the mandatory worksheet. Nonetheless, defendant asserts that because the agreement between the parties set child support at $2,000 per month, based child support on defendant's varying ranges of incomes, and set an income threshold for modifying support, the trial court was not required to complete a worksheet without plaintiff's first showing that defendant's income deviated from the agreed threshold for modification, $200,000.
Defendant's argument is unpersuasive under DePalmo.DePalmo requires that the trial court (1) recalculate the amount applying the ten percent rule to determine if a modification was warranted, and if so, (2) determine whether an adjustment from that amount is justified. See, also, Birath v. Birath (July 20, 1993), Franklin App. No. 92AP-1603, unreported (rejecting appellant's contention that the ten percent rule should not apply in cases where the parties agreed on the amount of child support that would be paid because such a rule would not always take into consideration the best interest of the child). "While the parties may `agree' to a lower amount, they must calculate the statutory amount and justify deviation by the factors listed in R.C. 3109.05
and 3113.215." Thompson v. Thompson (May 21, 1998), Pickaway App. No. 97CA37, unreported (holding that an agreement between the parties, purporting to deviate from child support obligation, that did not adhere to the mandates of the statute was erroneous as a matter of law.
Because the trial court failed to follow the foregoing procedures, plaintiff's first and second assignments of error are sustained.
Plaintiff's third assignment of error contends the trial court abused its discretion by, reducing, in effect, defendant's annual income by allocating fifty percent of the income from the business to his wife, Sandra Joseph. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Defendant and Sandra Joseph have co-owned the business at issue from its inception. Because Sandra Joseph wanted to be certain that she and her family would be protected from defendant's future indiscretions, the parties decided to specify Sandra Joseph as owner of half the business. Sandra has played a significant role in the daily operations of the business: she has her own office located at the business address where she handles the accounting, funds, payroll, and anything dealing with insurance. Indeed, she is the only one to access certain documents.
In Schwertner v. Petronzio (Jan. 26, 1996), Geauga App. No. 95-G-L913, unreported, the court addressed similar circumstances. Petronzio was determined to be the father of Schwertner's child. Petronzio owned his own business and his income varied considerably from year to year. The appellate court determined the trial court properly calculated child support by ascertaining the net worth of Petronzio and his wife, dividing the net worth in half, attributing one-half to Petronzio and one-half to his wife, and then basing the child support obligation to Schwertner on the amount of Petronzio's net worth.
Here, given Sandra's co-ownership of the business and the expertise she contributed to the operation of the business, the trial court properly could determine she is entitled to a share of the profits from the business. The trial court did not abuse its discretion in allocating half of the income from the business to defendant's wife. Plaintiff's third assignment of error is overruled.
Having overruled plaintiff's third assignment of error, but having sustained plaintiff's first and second assignments of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
 __________________________________ BRYANT, PRESIDING JUDGE
BOWMAN, P.J., and TYACK, J., concur.