Keith Y. Brooks appeals from a judgment entered by the Juvenile Division of the Lawrence County Court of Common Pleas that ordered him to pay $172.13 per month in child support for his daughter. He assigns a single error for our review:
 "The trial court erred to the prejudice of the plaintiff-appellant [sic] by ordering the defendant-appellant to pay child support in an amount not determined by the utilization of a support computation worksheet."
Because we find that the juvenile court failed to complete the required child support worksheet, we reverse and remand for a re-calculation of child support.
The appellee, Darrita Rae King, gave birth to a daughter, Dasia Celeste Brooks, in April 1999. In August 1999, the Lawrence County Child Support Enforcement Agency ("CSEA") conducted an administrative paternity hearing under R.C. 3111.22. During that hearing, the appellant admitted paternity and executed a memorandum of agreement concerning his payment of child support.[1] The agreement provided that the appellant would pay $172.13 per month for Dasia "s support. The agreement also stated that the appellant, who was a student at Ohio University, was unemployed at the time of the agreement and would seek work.
Following the administrative paternity proceeding, the parties jointly filed a "Petition to Allocate Parental Rights and Responsibilities" in the juvenile court. The petition asked the court to journalize the agreement signed by the parties during the CSEA's administrative paternity proceeding. The juvenile court adopted the parties' memorandum of agreement as its own and entered an order styled as a "stipulated judgment entry." The court's entry did not, however, include the child support computation worksheet required by R.C. 3113.215 (E).
Generally, our review of child support orders is limited to determining whether the trial court abused its discretion in setting the award. See Booth v. Booth (1939), 44 Ohio St.3d 142, 144. A court's discretion in awarding support, however, is limited by R.C. 3113.215, which is a comprehensive statute governing the method of calculating and awarding child support. Marker v. Grimm (1992), 65 Ohio St.3d 139,140-41. In Marker, the Ohio Supreme Court held that R.C. 3113.215's terms "are mandatory in nature and must be followed literally and technically in all respects." Id. at paragraph two of the syllabus. One of R.C. 3113.215's terms mandates that courts use a child support computation worksheet "identical in content and form to the R.C. 3113.215
(E) or (F) model worksheet." Id. at 142. Thus, a child support computation worksheet must be completed and made part of the record. Id.
at paragraph one of the syllabus. Pursuant to Marker, we have held that a trial court commits reversible error if a completed worksheet does not appear in the record. See, e.g., Wagner v. Wagner (Sept. 3, 1996), Washington App. No. 95CA35, unreported; Blake v. Blake (May 4, 1995), Gallia App. No. 94CA16, unreported; Justus v. Justus (Oct. 27, 1993), Gallia App. Nos. 92CA24, 92CA37, unreported. Furthermore, although we have on occasion permitted a lower court to adopt a worksheet completed by one of the parties, "we have expressed a strong preference that the lower court itself prepare the worksheet * * *" Wagner, supra, citingFranke v. Franke (May 1, 1996), Highland App. No. 95CA879, unreported.
It is undisputed that the record in this case does not include a completed child support worksheet. Accordingly, the court has committed error. The appellee reminds us, however, that we have previously held the failure to include a worksheet to be harmless error. See, e.g.,McCoy v. McCoy (1995), 105 Ohio App.3d 651. In McCoy, the trial court modified a previous child support order without including a child support worksheet mandated by R.C. 3113.215 (E). Id. at 655. Although we recognized that Marker rendered these worksheets mandatory, we nevertheless affirmed the trial court's modification order. The record in McCoy included a child support worksheet that was completed by the CSEA, albeit five months after the court's entry modifying its prior support order. While the worksheet was not "in strict compliance" with R.C. 3113.215 requirements, we found the error harmless. Id. It was "clear that the court adopted lithe CSEA worksheet] as its own," meaning that "it would make little sense to remand the matter for recalculation under a new worksheet which contains the same information as the one in the record." Id. at 655-56. Our rationale for finding harmless error was entirely consistent with Marker, which made clear that the primary purpose for including the worksheet is to ensure meaningful appellate review of the trial court's actions in establishing or modifying child support. See Marker, 65 Ohio St.3d at 142.
Contrary to the appellee's assertions, we cannot deem the lack of a worksheet harmless in this case. Although the appellee argues that a remand to the juvenile court for completion of a worksheet would result in the same amount of support, we have no way of determining that on this record. Unlike in McCoy, there is no worksheet anywhere in the record before us. Furthermore, the record contains no calculations or figures with which to conclude that the support obligation imposed upon the appellant was an appropriate and just amount under R.C. 3113.215. See Marker, 65 Ohio St.3d at 143. The lack of a worksheet, let alone any information concerning the support calculation, prevents us from conducting any meaningful appellate review of the court's support order.
The fact that the court entered its support order pursuant to an agreement between parties does not change our analysis. Even when a court establishes child support at a level agreed to by the parties, the court "has the obligation to test any proposal of the parents to see if it meets the Child Support Guidelines, under the Marker standard * * *."DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, 540. This obligation exists because of the recognition that, although the law favors settlements, "compromises may be in the best interests of the parents but not the child. Thus, the legislature has assigned the court to act as the child's watchdog in the matter of support." Id. See, also, Millerv. Miller (Sept. 17, 1999), Hamilton App. No. C-980892, unreported. By failing to ensure that a child support worksheet was completed in accordance with R.C. 3113.215, the juvenile court overlooked its "watchdog" role.
We sustain the appellant's assignment of error, reverse the juvenile court's judgment, and remand for proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, Probate/Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion. Evans, J.: Concurs with Attached Concurring Opinion.
 _________________________________ William H. Harsha, Judge
[1] Neither party was represented by counsel at the administrative hearing or in the later proceedings in juvenile court.