I must respectfully dissent from the majority as I would affirm the order of the trial court because there was no reasonable basis upon which the trial court could have granted the appellant's motion for a continuance as the appellant never stated the basis for his objection(s) to the administrative support order.
This case came to be heard on the appeal of appellant Anthony Hunter from the decision of the Cuyahoga County Juvenile Court overruling appellant's objection to the September 22, 1988 administrative order of appellee Cuyahoga Support Enforcement Agency (hereinafter CSEA) which required appellant to pay the amount of $50.00 per month in child support for the support of his son, James Hunter.
On September 22, 1998, an administrative order was issued by a CSEA administrative hearing officer subsequent to a hearing on August 31, 1998, which included the following findings of fact:
 1. That on July 28, 1998, the parent-child relationship was established between the father, Anthony Hunter, and the child, James Hunter, pursuant to an order made by an administrative hearing officer of the Cuyahoga Support Enforcement Agency in accordance with Section 3111.22 of the Ohio Revised Code and that thirty (30) days have passed since the issuance of said order, which order is now final.
 2. That the child, James Hunter, resides with the mother, Pamela Teague, hereinafter referred to as OBLIGEE and that the father, Anthony Hunter, hereinafter referred to as OBLIGOR has a duty for the payment of child support to the mother and/or her assigns.
3. That the Obligor is currently incarcerated.
 4. That the Obligee is a recipient of means tested public assistance (TANF).
 5. That Obligor's current support obligation, as determined under the guidelines embodied in Ohio Revised Code Section 3113.215[5] is $50.00 per month, WHEN RELEASED. (Emphasis sic.)
The order went on to require that appellant make child support payments in the amount of $50.00 per month commencing thirty days from his release from incarceration. The CSEA was required under law to hold the August 31, 1998 administrative hearing to determine the appropriate level of child support subsequent to the issuance of the administrative order determining the parentage of appellant. R.C. 311.22(E)(1).
On October 20, 1998, the appellant filed a Motion in Objection to the C.S.E.A. Administrative Order. The grounds for the motion were that the appellant was purportedly not notified of the hearing and that he was not given the opportunity to conduct discovery prior to the hearing. The appellant never stated in his brief in support of his objection to the administrative order that he disputed in any manner the paternity or support determinations contained in the order.
A hearing on appellant's objection to the administrative order was set for February 1, 1999. The hearing was to be conducted by a juvenile court magistrate. Notification of the hearing date was sent to the parties on November 23, 1998. On January 26, 1999, less than a week prior to the scheduled hearing, the appellant filed a motion for continuance of the hearing date. As grounds for the motion, the appellant stated that he would remain incarcerated until at least December, 2003. Therefore, the appellant reasoned, no hearing should be conducted until he was released so that he would be able to protect any and all rights I may have and would be able to contribute to the decision making process. In the motion for continuance, the appellant did not deny that he was the father of James Hunter, but, rather, stated [i]t is my contention that a fair and just judgment for support to the established parent child relationship, can be better established with my presence. The appellant did not elaborate in the motion as to what exactly he hoped to contribute to the process by his presence.
The record does not reflect that the motion for continuance was ever ruled on prior to the February 1, 1999 hearing. On February 4, 1999, the magistrate's decision was released wherein it was recommended that the [c]ase be dismissed as Father failed to appear and provide court with evidence to (sic) as to his objection to the Administrative Order issued on 8-31-98.
The appellant filed his Objection to Magistrate's Decision on February 19, 1999. As the basis for his objection to the decision, the appellant stated that his motion for continuance should have been granted because of the fact that he was incarcerated. The appellant also expressed concern that upon his release from prison he would be unable to meet his obligation of $50.00 per month, in part for the following reasons:
 Upon party's release from incarceration, he would have a responsibility to the Ohio Adult Parole Authority.
 The conditions of that parole has (sic) yet to be determined, therefore to predetermine responsibilities as cited by the CSEA, may conflict with conditions of that parole, subsequently causing undue hardship and unrealistic burden.
* * *
 It is the party's contention that due to his extensive prison record, which includes four separate adult incarcerations, and one juvenile incarceration, he may be unable to secure employment within the 30 day time requirement as imposed within the CSEA Administrative order. Therefore, to impose such requirements prior to knowing if the party will have to attend a Halfway House; Drug Program; Work Release Program; or any of many other post incarceration requirements which may be mandatory as a condition of Parole, is unfair and inconsiderate to the party's situation, and a possible threat to his freedom.
On May 20, 1999, a juvenile court judge overruled appellant's objections and adopted the magistrate's decision as the order of the court.
In his motion for continuance, the appellant did not request that he be able to attend the hearing on his objection to the administrative order via telephone or that he be given an opportunity to present a written statement on his behalf for consideration by the magistrate. Also, the appellant did not request that he be transported from Lebanon Correctional Institution for the purpose of attending the hearing. The appellant offered no evidence in the motion for the court's review and did not state what his testimony might be if he were given an opportunity to attend the hearing. Throughout the proceedings below and continuing through the within appeal the appellant has never denied that he is the natural father of James Hunter.
At the time that the appellant filed his objection to the administrative order he was facing a minimum of more than five additional years in prison before he had any hope for parole. Thus, the appellant was requesting a continuance of at least five years without ever stating any concrete reason for the request.
The decision to grant or deny a request for a continuance is within the broad discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. State v. Burke (1995),73 Ohio St.3d 399, 407, 653 N.E.2d 242; State v. Grant (1993),67 Ohio St.3d 465, 479, 620 N.E.2d 50; State v. Powell(1990),49 Ohio St.3d 255, 259, 552 N.E.2d 191. An abuse of discretion is more than an error of law or judgment. It implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
This court should not conclude that the trial court erred in not granting the appellant a continuance of the February 1, 1999 hearing date because the appellant failed to state with specificity any acceptable reason for continuing the hearing for a period of nearly five years.[6]
The appellant's last minute motion was clearly filed in an attempt to delay the proceedings indefinitely, rather than for the purpose of allowing the appellant to vindicate his constitutional and/or statutory rights to participate in the process. The fact that the appellant thought that he might have trouble meeting his nominal statutorily determined support obligations upon his release was not a valid reason for the court to grant an indefinite continuance. The majority opinion herein effectively countenances the appellant's transparently obstructive behavior.
Although the appellant believes that it was inconsiderate for the trial court to order him to pay the staggering sum of $50.00 in child support for the care of his son, commencing thirty days from the appellant's release from jail, that amount is reasonable under the statutory child support guidelines found in
 R.C. 3113.215.[7] Any error by the trial court in not ruling on the motion for continuance, which was filed a mere six days prior to the scheduled hearing, was plainly harmless as there is nothing in the record to suggest that the appellant could have offered any evidence which would have impacted the findings of the court if a continuance had been granted.
The majority finds that:
 Regardless of Hunter's absence at the hearing, the judge should have considered the affect upon his rights resulting from the lack of notice of both the administrative parentage order and administrative support obligation hearing and rendered appropriate relief.
Initially, I must stress that the appellant never attempted to object to the determination of parentage made in the administrative parentage order of July 28, 1998 and does not question the findings therein. Therefore, the trial court did not have jurisdiction to consider the impact upon appellant's rights of that order. R.C. 3111.22(D)[8]
states:
 When an administrative officer issues an administrative order determining the existence or non-existence of a parent and child relationship pursuant to division (C)(2)(a) or (c) of this section, the * * * alleged father * * * of the child may object to the determination by bringing, within thirty days after the date the administrative officer issued the order, an action under sections 3111.01 to 3111.19 of the Revised Code in the juvenile court in the county in which the agency that employs the administrative officer is located. If the * * * alleged father * * * does not bring an action within that thirty day period, the administrative order is final and enforceable by a court and may not be challenged in an action or proceeding under Chapter 3111. of the Revised Code. (Emphasis sic.)
The appellant did not object to the July 28, 1998 administrative parentage order and thus was prohibited from challenging that determination in future proceedings. The order from which the appellant filed his objection was the September 22, 1998 administrative support order. Thus, the appellant was entitled to contest only the support determination made in the September 22, 1998 order, and the issue of parentage was not properly before the court. The majority states that the trial court should have considered the affect upon [appellant's] rights and then rendered appropriate relief. This statement presumes that the trial court did not consider the appellant's rights in its ruling on his objections to the support order from which this appeal was taken.[9]
Given that the trial court ordered the appellant to pay the minimum amount of support possible under the guidelines commencing thirty days from his release and did not order that a percentage of the monies earned by the appellant while in prison be paid to the state department of job and family services, as permitted by R.C. 3113.16(B), it is apparent that the rights of the appellant were duly considered by the trial court. Furthermore, the majority opinion provides the trial court with absolutely no guidelines as to the appropriate relief that is to be rendered upon the trial court's consideration of the affect of its order on the appellant's rights. Given that the majority concedes that a four-year continuance (the actual continuance would have had to have been at least four years and ten months from the date of the hearing) was not a reasonable request and that the appellant never requested to be transported from prison for the purpose of attending the hearing, it is unclear what sort of accommodation of the appellant's circumstances the majority has in mind.
Accordingly, I would affirm the order of the trial court.
[5] The majority points out that the trial court failed to make part of the record the child support computation worksheet as required by R.C.3113.215(E). See DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, 538,679 N.E.2d 266, citing Marker v. Grimm (1992), 65 Ohio St.3d 139,601 N.E.2d 496. The failure to include these worksheets in the record was harmless error as the child support determination appealed from merely obligated the appellant to pay the minimum amount of child support possible under the Basic Child Support Schedule found in R.C.3113.215(D).
[6] In his motion for continuance, the appellant states [m]y earliest possible Parole Board date is December 2003, therefore, to expedite a disposition of this matter would be of no real value.
[7] R.C. 3113.215(D) Basic Child Support Schedule provides that the minimum amount of child support to be paid pursuant to an administrative child support order, unless the combined gross income of both parents is less than sixty-six hundred dollars ($6600.00), is six hundred dollars ($600.00) per year. This is the exact amount which the appellant was ordered to pay in the instant case. Even where the combined gross income of both parents is less than sixty-six hundred dollars ($6600.00) per year the responsible court or agency must still determine the obligor's child support obligation on a case by case basis using the schedule as a guideline unless the obligor proves to the court or agency that the obligor is totally unable to pay child support and the court or agency determines that it would be unjust or inappropriate to order the payment of child support * * *. R.C. 3113.215(B)(2)(a).
[8] Although the language in this statute requiring that an action be brought within thirty days after the date which the administrative officer issued the order could not be less ambiguous, the majority cites Marsh v. Clay (July 20, 1995), Cuyahoga App. No. 67854, unreported, for the proposition that Hunter could not have filed a direct appeal from the parentage order. In order for the appellant to have challenged the determination, he was required to initiate an action under sections3111.01 to 3111.19 within thirty days. Having failed to initiate an action to challenge the parentage order within thirty days, the administrative order is final and may not be challenged. In Marsh the plaintiff filed an action in Domestic Relations Court seeking orders for establishment of paternity, child support and medical coverage. This court held in Marsh that the trial court's order establishing paternity was not final and appealable under R.C. 2505.02 and Civ.R. 54(B) because the child support and medical coverage claims brought by the plaintiff in the same action remained unresolved and there was no express determination made in the order establishing paternity that there is no just reason for delay. R.C. 2505.02 and Civ.R. 54(B) clearly are not applicable to administrative orders made under R.C. 3111.22(D).
[9] The majority incorrectly characterizes the order appealed from as a dismissal of an action brought by the appellant. This appeal does not involve a dismissal of a lawsuit, but rather is an appeal from the trial court's order overruling appellant's objections to an administrative order. Thus, Civ.R. 41(B)(1) and (4) have no applicability to this case whatsoever.