OPINION
Defendant-appellant James L. Womack brings this appeal from a judgment of the Hancock County Common Pleas Court, Domestic Relations Division.
On November 14, 1992, appellant and plaintiff-appellee Marsha L. Womack were married. One child, Thomas L. Womack, was born on October 1, 1993. On September 21, 1998, appellee filed for divorce. Final hearings were held on April 6, May 3, and May 11, 1999. After the hearing, the magistrate named appellee residential parent of Thomas, granted appellant liberal visitation, and ordered appellant to pay child support of $429.16 per month, pursuant to the child support worksheet. Appellant filed objections to the magistrate's decision on April 21, 2000. The trial court overruled the objections on August 1, 2000. The final entry granting the divorce and adopting the magistrate's findings of facts and conclusions of law was filed on August 30, 2000. It is from this judgment that appellant appeals.
Appellant raises the following assignments of error.
 The trial court's designation of appellee as the residential parent was against the manifest weight and the sufficiency of the evidence when appellant established that he was the primary caregiver for the child and that appellee sought to interfere with appellant's rights of visitation and contact.
 The trial court erred in the calculation of child support when it included day care expenses which were not incurred; failed to grant credit for another child in the care of appellant; and failed to deviate from the child support calculations in the best interest of the minor child.
 The trial court inequitably divided debt by ordering that appellant pay one half of the debt upon appellee's motor vehicle.
 The trial court erred when it ordered the equal division of a pension/retirement benefit upon which no value was presented.
 Appellant claims in the first assignment of error that the trial court erred in naming appellee residential parent.
 The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record.
 Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846, 849. Thus, a reviewing court may not reverse a custody determination unless the trial court has abused its discretion. Pater v. Pater (1992), 63 Ohio St.3d 393, 588 N.E.2d 794. An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601.
In this case, the trial court reviewed all of the statutory factors and the testimony of both parties. The trial court found that both parties are capable of appropriately parenting the child. However, the court determined that appellee should be the residential parent since she had been the continuous caregiver since birth. This decision is supported by the testimony of appellee in the record. Based upon that testimony, the trial court could find that appellee was the primary caregiver and determine that it is in Thomas' best interest for appellee to be the residential parent. The first assignment of error is overruled.
In the second assignment of error, appellant claims that the trial court erred in calculating the child support. First, appellant claims that the trial court included day care expenses that were not incurred. However, the magistrate made a finding that daycare expenses totaled approximately $3,120.00 per year for Thomas. This was the amount that was included on the child support worksheet.[1] Appellee testified that day care expenses were $85.00 per week for full time and $55.00 per week for part time. Based upon these figures, the amount found by the magistrate to be the day care expense is not unreasonable. The amount is less than full time day care services for the entire year.
The second argument put forth by appellant is that the trial court should have granted him a credit for his brother-in-law, who was a minor child residing with him and of whom he was the legal guardian. R.C3113.215(B)(5)(c) provides as follows:
 If other minor children who were born to the parent and a person other than the other parent who is involved in the immediate child support determination live with the parent, the court or agency shall deduct an amount from that parent's gross income that equals the number of such minor children times the federal income tax exemption for such children less child support received for them for the year, not exceeding the federal income tax exemption.
 The statute specifically requires that the child be born of the parent with whom he or she is residing. Here, the minor is actually the brother of appellee. Although appellant is the legal guardian and required to care for him by law, the statute does not provide for a credit in this case.
Finally, appellant argues that the trial court should have deviated from the worksheet as such is in the best interest of Thomas. "The court . . . may deviate from the amount of support that otherwise would result from the use of the schedule . . . in cases in which the application of the schedule . . . would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3113.215(B)(3). The decision whether to deviate from the child support worksheet is within the sound discretion of the trial court. Pauly v. Pauly (1997), 80 Ohio St.3d 386,686 N.E.2d 1108. Here, the trial court decided that it would not be in Thomas' best interest to deviate from the schedule.The amount calculated using the schedule is "rebuttably presumed" to be the correct amount of child support due. Marker v. Grimm (1992), 65 Ohio St.3d 139,601 N.E.2d 496. There is no requirement that the trial court deviate from the worksheet. Thus, the trial court did not abuse its discretion by refusing to do so. The second assignment of error is overruled.
In the third assignment of error, appellant claims that the trial court erred when it divided the credit card debt. Appellant argues that the majority of the debt on the card was for repairs to appellee's car. However, appellee testified that the repairs were made to appellant's car. Either way, the debt was incurred during the marriage. Thus, the trial court did not err when it split the debt equally between the parties.
Finally, appellant argues that the trial court erred when it ordered appellant's pension to be split equally between the two parties without establishing a value. The judgment entry of the trial court states in pertinent part:
 The Defendant's pension/retirement benefit plan shall be divided and shall be allocated between the parties pursuant to a Qualified Domestic Relations Order (QDRO). The valuation date should be from the date of the marriage, to wit: November 14, 1992, until the date of separation, to wit; September 23, 1998.
 Although it is true that the trial court did not state a value for the plan, the trial court did provide references for determining the value. The plan administrators will be able to determine the value of the plan on November 14, 1992, and on September 23, 1998. The difference is the value of the plan to be divided between the parties. This determination is not unreasonable, nor is it inequitable. Thus, the fourth assignment of error is overruled.
The judgment of the Hancock County Common Pleas Court, Domestic Relations Division, is affirmed.
WALTERS, P.J., and SHAW, J., concur.
[1] We note that the child support calculation worksheet was prepared over a year ago. At that time, Thomas was not in school. At this time, Thomas is seven years old and should be attending school full time.