This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Dale E. Brown, appeals from the award of child support ordered by the Summit County Court of Common Pleas, Domestic Relations Division. This court reverses.
 I.
The parties herein were divorced in 1984. Appellant was required to pay child support to his ex-wife Melanie Brown, appellee, for the care of their two young children, who lived with Ms. Brown. In October 1999, the remaining minor child of the marriage moved into appellant's home, and in February 2000, the parties appeared pro se before the magistrate to terminate child support from appellant, and to order that appellee pay child support to appellant.
The magistrate issued a decision that the appellee should pay $50 per month in child support, effective December 21, 1999. Appellant filed timely objections to the amount of support ordered and the effective date of the child support obligation. In support of his objections appellant filed an affidavit, stated that he didn't believe a transcript was necessary to address the objections, but requested leave to file a transcript of the magistrate's hearing if the court deemed a transcript to be necessary.
On June 23, 2000, the trial court overruled the objections on the basis that appellant had filed neither a transcript nor an affidavit in support of his objections to the magistrate's decision. Appellant filed a timely appeal, assigning two errors. We note that appellee did not file a brief. Thus, pursuant to App.R. 18(C), this court may accept appellant's statement of the facts and issues as correct and reverse the judgment if his brief "reasonably appears to sustain such action." We have reversed the assignments of error for ease of discussion.
 II.
Second Assignment of Error
 The Trial Court Erred in Refusing To Address The Merits of the Objections Filed by the Appellant Where Same Were Properly Supported by Affidavit, in Conformity with Local Rule [14.03(B)] and Rule 53(E)(3)(b) of the Ohio Rules of Civil Procedure.
 In overruling appellant's objections to the magistrate's decision, the trial court observed that the objections were not supported either by an affidavit or a transcript of the magistrate's hearing. In support of its observation to this effect, the trial court cited two cases from this court, Barnhart v. Barnhart (Dec. 9, 1998), Summit App. No. 18868, unreported, and Teuber v. Teuber
(Apr. 22, 1998), Lorain App. No. 97CA006762, unreported.
Civ.R. 53(E)(3)(b) governs objections to a magistrate's decision and it states, "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is notavailable." (Emphasis added.) Loc.R. 14.03(B) of the Summit County Court of Common Pleas, Domestic Relations Division, is essentially identical to Civ.R. 53(E)(3)(b). In Barnhart, supra, at 10, this court observed that because the appellant "failed to provide a transcript or affidavit of the evidence as required by Rule 53(E)(3)(b), [appellant] cannot now challenge the trial court's adoption of any of the magistrate's findings of fact."
Appellant seeks to distinguish Barnhart from the instant case, because he did indeed file an affidavit with his objections to the magistrate's decision. A review of the record indicates that the appellant did file an affidavit. However, his argument must fail nonetheless.
In his brief in support of his objections, appellant stated that he believes that "no transcript of the Magistrate's Hearing is necessary for this Court to make a proper determination of these objections." However, appellant objected to factual determinations made by the magistrate. Civ.R. 53(E)(3)(b) clearly states that to properly object to factual determinations, a party must provide a transcript of the magistrate's hearing unless a transcript is not available, in which case he must provide an affidavit of all the evidence presented at the magistrate's hearing. Appellant did not even assert that no transcript was available. In fact, after the trial court made its decision, appellant filed a transcript of the magistrate's hearing with the trial court.
Furthermore, appellant's affidavit is not an affidavit of all the evidence presented to the magistrate. In fact, only two paragraphs of the fourteen paragraphs in the affidavit reference the nature and quality of the evidence presented at the magistrate's hearing.
When considering appellant's objections, the trial court did not have before it a transcript of all the evidence.
"[T]he trial court was required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law." Hale v.Hale (Jan. 26, 2000), Medina App. No. 2935-M, unreported, at 9, citingState ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728,730.
Appellant's second assignment of error is overruled.
 III. First Assignment of Error.
 The Trial Court Erred in the Award of Child Support (in the Amount and the Time at Which It was to Begin) Which was Issued in the Absence of the Presentation of Evidence Sufficient to Justify Such an Award[.]
Given our disposition of appellant's second assignment of error, we may not address the court's factual determination, but only review for errors of law. See State ex rel. Duncan, 73 Ohio St.3d at 730.
The trial court record indicates that the court's order awarding child support was not supported with a proper child support worksheet, as required by R.C. 3113.215. Neither the trial court nor the magistrate's decision referenced a completed child support worksheet as part of the court's decision. The magistrate's decision was journalized on March 15, 2000. On the same day, a partial child support worksheet was filed with the trial court. However, it was not signed by the parties or notarized, as provided by the statute. See R.C. 3113.215(E). The Supreme Court of Ohio has held that "[a] child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record. * * * The terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects." Marker v.Grimm (1992), 65 Ohio St.3d 139, paragraphs one and two of the syllabus. Because the trial court record does not indicate that a worksheet was used and only a partial worksheet is included, we find that the order for child support was legally unsupported.
Furthermore, the trial court's order does not state why it is deviating from the statutory child support guidelines. The magistrate's finding of facts states that the statutory guidelines provide for child support of $229.93 per month but that it would be unjust to order appellee to pay this much, and that appellee's support obligation should be $50.00 per month. The trial court overruled the objections to the magistrate's decision, so we conclude that the trial court agreed with the magistrate's factual findings. However, the trial court did not actually adopt the magistrate's decision. Rather, the trial court's order stated that "the following Magistrate's Decision is the Order of the Court." The enumerated orders which follow that statement do not include any statement of the statutory guideline support amount and or a statement that the trial court's order of $50.00 per month support is a deviation from the guideline amount. The trial court's order does not meet the requirement that "[a]ny court-ordered deviation from * * * the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination." Marker, 65 Ohio St.3d at paragraph three of the syllabus.
Consequently, we sustain appellant's first assignment of error to the extent that the trial court did not comply with the statutory requirements in entering its child support order.
We reverse and remand the cause to the trial court to complete a child support worksheet, to enter an order stating the child support guideline amount, and if the trial court orders support in an amount that deviates from the guideline amount, to provide reasons in support of the deviation.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM G. BATCHELDER, BAIRD, J., SLABY, J. CONCUR.