This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Christian O. Odionu has appealed a judgment of the Summit County Domestic Relations Court that denied his request to deviate from the Child Support Guidelines when modifying his child support obligations. This Court affirms.
 I.
This appeal stems from divorce proceedings between Appellant Christian O. Odionu and Appellee Roseann N. Odionu. At the time of their divorce, Appellant had an annual income of $65,000, and he was ordered to pay $1000 per month in child support for the parties' two children. Thereafter, Appellant obtained a position at St. John's University in Jamaica, New York, earning a larger salary.[1]
Appellee moved the trial court for a modification of Appellant's child support obligation, claiming that due to the change in income, his financial responsibilities to their children should likewise increase. The matter was referred to a magistrate, who conducted a hearing. At the magistrate's hearing, Appellant urged the magistrate to deviate downward from the Child Support Guidelines and assign him a lower monthly payment amount. In support of his argument, he submitted an affidavit detailing his income and expenses and a number of computer printouts from the Internet showing that as a result of New York's higher cost of living, Appellant's seemingly higher salary was almost equivalent to his income in Ohio. He did not present any testimony. Appellee countered with her own evidence, asserting that almost every fact and figure set forth in Appellant's affidavit was inaccurate and false. For example, Appellant averred that his annual health insurance costs totaled $6,636, while Appellee presented evidence from the benefits department at St. John's University indicating that Appellant's annual outlay for health insurance was only $1,531.20. Appellant's affidavit also stated that he had an annual income of $86,000, while St. John's University verified that his salary was $158,000.
The magistrate subsequently issued a decision, indicating that she had embraced Appellee's evidence, reviewed the statutory factors, and found that a downward deviation would be inappropriate and not in the best interest of the children. The magistrate then modified Appellant's child support obligation to $1,786.36 per month. Appellant filed objections. The trial court overruled Appellant's objections and adopted the magistrate's decision, noting that the magistrate did not have sufficient information before her to justify a deviation. Appellant timely appealed, asserting one assignment of error.
 II. Assignment of Error
 The trial court erred and abused its discretion when it almost doubled [Appellant's] child support obligation without considering [Appellant's] evidence of the significant cost of living increase incurred by [Appellant] when he took a new job in New York.
 For his sole assignment of error, Appellant has challenged the trial court's modification of his child support obligations, claiming that he was entitled to a downward deviation from the Child Support Guidelines and the worksheet calculated child support amount. Specifically, he has argued that, while he may have secured a substantial increase in income, the trial court should have considered and given more weight to the fact that the cost of living in Jamaica, New York is significantly higher than it is in Ohio.
Under Ohio law, before a trial court can deviate from the Child Support Guidelines and the worksheet calculated child support amount that is "rebuttably presumed" to be correct, it must fully comply with the requirements set forth in R.C. 3113.215(B)(1)(a) and (b). See Marker v.Grimm (1992), 65 Ohio St.3d 139, 141-142. That statute states that the amount of support calculated, utilizing the worksheet, shall be ordered to be paid as child support unless both of the following apply:
 (a) The court, after considering the factors and criteria set forth in [R.C. 3113.215(B)(3)], determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child.
 (b) The court enters in the journal the amount of child support calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet * * * its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination.
 R.C. 3113.215(B)(1)(a) and (b). In turn, R.C. 3113.215(B)(3) sets forth sixteen factors and criteria that a court may consider when determining whether a deviation from the amount calculated according to the worksheet would be unjust or inappropriate, and not in the best interest of the child. Four of those considerations are relevant in this matter: (1) extraordinary visitation costs; (2) disparity of income; (3) relative financial resources; and, (4) other relevant factors. See R.C. 3113.215(B)(3)(d), 3113.215(B)(3)(g), 3113.215(B)(3)(k) and 3113.215(B)(3)(p).
In Booth v. Booth (1989), 44 Ohio St.3d 142, 144, the Ohio Supreme Court observed that if a trial court fails to consider the parties' respective costs of living when determining child support obligations, a reviewing court may hold that the trial court abused its discretion for not considering the economic realities of the situation. Nevertheless, while consideration of the cost of living is warranted when modifying child support obligations, this Court cannot say that the trial court's abused its discretion when it did not deviate from the Child Support Guidelines and the worksheet calculated child support amount. The trial court had before it cost of living evidence from Appellant that was from the Internet and unverified. In turn, Appellee had presented evidence indicating that the facts and figures set forth in Appellant's affidavit were inaccurate and false, i.e. misleading. Hence, this Court holds that the trial court's decision to rely on Appellee's evidence, reject Appellant's evidence and deny his request to deviate from the Child Support Guidelines was not unreasonable, arbitrary or unconscionable.
 III.
Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________________ BETH WHITMORE
BATCHELDER, P.J., BAIRD, J. CONCUR.
[1] As set forth infra, the true amount of Appellant's salary at St. John's University was a subject of debate at the trial court.