Appellant, Patricia Lykins, appeals from the judgment of the Trumbull County Court of Common Pleas, Division of Domestic Relations.
Appellant and appellee, Daniel Lykins, were married on October 15, 1983. Three children were born as issue of the marriage: Christopher, born May 30, 1990; Austin, born February 18, 1993; and Brennan, born February 19, 1995. After twelve years of marriage, the parties were granted a divorce on March 25, 1996. On April 22, 1998, appellee filed a motion to decrease child support, alleging a substantial change in circumstances. A hearing on appellee's motion was held before a magistrate, on June 9, 1998, in which the parties submitted 1998 wage information, and appellant submitted a child support computation worksheet. The magistrate recommended that appellee be ordered to pay $637.92, plus poundage in child support commencing June 1, 1998, based on the following reasoning:
 "At present the Def. is employed and earns approx. $22,389 gross per year from employment. The Plt. is employed and earns approx. $23,946. gross per year from employment. There is a real issue as to the work-related daycare expenses for the minor children. The Plt. contends she needs approx. $12,246 annually for said daycare. At this level, and based upon the Support Calculation Worksheet submitted by Plt's legal counsel, the Def. would be paying approx. 2/3 of his net income per month as/for child support ($953/$1450). That to order the foregoing would violate Section 303(A) of the Consumer Credit Protection Act, 15 U.S.C. § 1673(b). Further, the court finds that the daycare used by Plt. is unreasonable. The court will allow the sum of $3,750 for annual daycare."
On July 10, 1998, appellant filed objections to the magistrate's decision pursuant to Civ.R. 53, claiming that she was not given the opportunity to submit evidence verifying her child-care expenses, and that the $3,750 figure the magistrate used in the child support computation worksheet for child care expenses was an arbitrary figure not based upon any evidence. On July 17, 1998, the trial court made the following order:
 "(1) The Objections are overruled on the Merits, and further,
 "(2) All orders previously issued by the Magistrate to remain effective.
 "That for the purposes of clarification, and to clear up the record, the Def's child support for the 3 minor children of the parties shall be as follows:
"(1) From 8/94 to 3/96 $590. per month;
"(2) From 4/96 to 10/21/97 $368. per month;
"(3) From 10/21/97 to 5/31/98 $601.79 per month; and
 "(4) Pursuant to Ex. "A", attached hereto and incorporated herein, the sum of $637.92, plus poundage via a wage withhold order commencing 6/1/98."
 From this judgment, appellant assigns the following errors:
 "[1.] The trial court abused its discretion in upholding the magistrate's decision finding appellant's daycare expenses to be unreasonable without taking evidence and utilizing an arbitrary amount as appellant's daycare allowance to determine child support.
 "[2.] The trial court abused its discretion in upholding the magistrate's decision finding that a child support order in the amount of $953.00 per month pursuant to the child support calculation worksheet submitted by appellant violates the Consumer Credit Protection Act."
Before we can address appellant's assignments of error, we must take the time to address another issue. In reviewing the record of this appeal, we have determined that this case must be remanded to the trial court to redetermine the child support order since it failed to follow the applicable law on modification of child support orders. As a prerequisite to modifying a child support order, a trial court must determine that there has been a substantial change in circumstances that was not contemplated at the time of the original, or most recent, support order. In reMathers (Mar. 26, 1993), Geauga App. No. 92-G-1707, unreported.
R.C. 3113.215(B)(4) states:
 "If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule * * *, and if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule * * * shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order."
In DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, 679 N.E.2d 266, the Supreme Court of Ohio held that when there is an existing child support order, a new order cannot be issued unless the new amount varies from the old amount by ten percent or more. In the instant case, the existing child support order was $601.79 per month. The trial court recalculated the amount of child support that appellee would owe and determined that amount to be $637.92 per month. Despite the fact that a change of approximately $36 does not constitute a ten percent variation, the trial court increased the child support order to $637.92 per month.
Even though the trial court erred by increasing the child support order without making the necessary finding that a substantial change in circumstances existed, we cannot reverse the trial court without it completing another child support computation worksheet because of the error raised by appellant in her first assignment. We agree with appellant that the trial court should have allowed her to present evidence of her child-care expenses before it arbitrarily decided that those expenses amounted to $3,750 per year.
R.C. 3113.215(B)(1) requires that a calculation of the amount of an obligor's child support obligation must be made "in accordance with" the basic child support schedule set forth in R.C. 3113.215(D), the applicable worksheet in R.C. 3113.215(E) or (F), and other requirements of the law. The trial court has the responsibility to ensure that the calculation is made using the applicable worksheet. Marker v. Grimm (1992), 65 Ohio St.3d 139,141, 601 N.E.2d 496. Annual child-care expenses that are work-related must be considered in the child support calculation. See R.C. 3113.215(E) and (F).
In the instant case, child support was calculated using the applicable worksheet; however, the magistrate refused to accept evidence on appellant's child-care expenses, decided that over $12,000 was unreasonable, and reduced that figure to $3,750. Because the magistrate used a figure in the child support computation worksheet that was not supported by any evidence or explanation by the court, we must conclude that the figure was arbitrary, and the trial court erred by ordering child support based on an arbitrary figure for child-care expenses. Appellant's first assignment has merit; therefore, we do not need to address appellant's second assignment of error. It would be premature for this court to consider whether a certain child support order would violate the Consumer Credit Protection Act when the amount of the child support order it still before the trial court.
This cause is remanded to the trial court to take evidence on appellant's annual child-care expenses, complete a new child support computation worksheet using a figure inclusive of child-care expenses based on that evidence, and determine if a substantial change of circumstances exists, before modifying the child support order of $601.79 per month.
 _______________________ JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.