OPINION
Plaintiff Jeane Gardner, f.n.a Boggs appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN ITS JUDGMENT ENTRY OF SEPTEMBER 7, 1999 BY FAILING TO FOLLOW THE STATUTORY REQUIREMENTS OF OHIO REVISED CODE 3113.21.5. THIS ERROR IS REFLECTED IN THE JUDGMENT ENTRY OF SEPTEMBER 7, 1999.
 II. THE TRIAL COURT ERRED TO THE DETRIMENT OF THE PLAINTIFF/APPELLANT BY PROVIDING ONLY A HANDWRITTEN JUDGMENT ENTRY WHICH IS IN VIOLATION OF RULE 9 OF THE LOCAL APPELLATE RULES OF THE FIFTH DISTRICT COURT OF APPEALS WHICH PROVIDES THAT HANDWRITTEN JUDGMENT ENTRIES ARE INAPPROPRIATE AND SHALL NOT BE CONSIDERED BY THIS COURT. THIS ERROR IS REFLECTED IN THE JUDGMENT ENTRY OF SEPTEMBER 7, 1999.
The record indicates the parties executed an agreement on July 12, 1997, which provided appellee would continue to pay child support as currently set up with the court and appellant would repay $200 per month to him. The trial court adopted the parties' agreement by judgment entry dated May 26, 1998. Thereafter, appellee moved the court to find appellant in contempt for failure to comply with the repayment portion of the agreement, and appellant responded with a motion for child support increase, reimbursement of medical expenses, and attorney's fees. Appellant's motion also asked the court to delete any order requiring her to repay any sums to appellee. The court held a hearing, and each party submitted both hearing briefs. The trial court issued a judgment entry finding appellant owes appellee $1913. The court found appellee's child support payments were set at $593.66. The court re-set the child support amount at $393.66, and further ordered appellant to pay $50 per month towards the arrearages. The judgment entry was handwritten on SCFC form 18, as is the general practice in the domestic relations court.
 II
Appellant cites us to Loc. App. R. 9 (A) which requires the appellant to include in her brief clear copies of the judgment entry appealed from, and further provides that handwritten judgment entries are inappropriate and shall not be considered by this court except for uniform traffic citations. Appellant asks us to remand the matter to the trial court with instructions to provide an appropriate judgment entry. Loc. R. 34 of the Stark County Court of Common Pleas provides that if a party intends to file an appeal from a handwritten entry, then that party shall prepare and submit a formal typewritten judgment entry in conformity with the original handwritten entry, see Loc. R. 34.06. Thus, we find it is inappropriate for appellant to request this court to remand the matter to the trial court, when it appears it was her burden to ensure the judgment entry was transcribed. Further, we find the judgment entry is legible and as such, we prefer to address this matter on its merits. The second assignment of error is overruled.
 I
In her first assignment of error, appellant urges the trial court violated the rule set forth by the Ohio Supreme Court in Marker v. Grimm (1992), 65 Ohio St.3d 139, requiring the trial court to calculate the amount of an obligor's child support obligation in accord with R.C. 3113.21.5, including using a child support computation worksheet, syllabus by the court, paragraph one. The Supreme Court in Marker also requires any deviation from the applicable worksheet and basic child support schedule must include findings of fact to support the deviation, syllabus by the court, paragraph three. Our review leads us to conclude the trial court's order is not a true modification of child support. Instead, the trial court's judgment represents an enforcement of the agreement between the parties that appellee would pay $593.66 each month, and receive $200 back. Thus, the trial court ordered appellee to pay $393.66. We find no error therein. The first assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
By GWIN, J., WISE, P.J., and EDWARDS, J., concurs separately.