Defendant-appellant Changiz Kouchecki (appellant) appeals from the order of the trial court granting plaintiff-appellee Barbara Kouchecki's motion to modify the child support order of their minor child.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED IN FAILING TO COMPLETE AND MAKE A PART OF THE JUDGMENT ENTRY A CHILD SUPPORT COMPUTATION WORKSHEET.
 II. THE TRIAL COURT ERRED BY FAILING TO OFFSET THE CHILD SUPPORT OBLIGATION OF THE PARTIES.
 III. THE CHILD SUPPORT ORDERED BY THE TRIAL COURT IS NOT IN THE BEST INTEREST OF THE MINOR CHILD.
 IV. THE TRIAL COURT ERRED IN FAILING TO REDUCE MR. KOUCHECKI'S CHILD SUPPORT OBLIGATION RETROACTIVE TO THE DATE HE FILED THE MOTION TO MODIFY CHILD SUPPORT.
Finding the first assignment to have merit, the judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.
 I.
On August 27, 1991, the trial court dissolved the marriage of appellant and Barbara Kouchecki. The parties entered into a shared parenting agreement for their minor child, Christopher, born on June 29, 1989. The trial court ordered appellant to pay four hundred twenty-eight dollars and forty cents ($428.40) in child support.
On September 18, 1995, Barbara Kouchecki filed a motion to modify the child support order. On September 19, 1995, appellant filed a motion to modify parental rights and responsibilities and to modify child support. On July 31, 1997, the parties agreed to a shared parenting plan, giving each parent substantially equal time with Christopher. A hearing was held before a magistrate on the motions to modify child support. The magistrate modified the child support award, ordering appellant to pay six hundred ninety-nine dollars and three cents ($699.03) starting on September 18, 1995. The child support increased on January 1, 1996, to seven hundred twenty-nine dollars and seventy-one cents ($729.71) and to seven hundred thirty dollars ($730.00) commencing January 1, 1997. The magistrate completed a child support computation worksheet which was attached to the decision.
On June 25, 1998, appellant filed objections to the magistrate's decision. The trial court partially sustained appellant's objections, finding that appellant's significant possession time and in-kind contributions of support merited a downward deviation of his child support obligation for the year 1997 and thereafter. The trial court ordered appellant to pay seven thousand eight hundred dollars ($7,800.00) per year for the support of Christopher. The trial court did not complete a child support computation worksheet after modifying the magistrate's decision.
 II.
In his first assignment of error, appellant argues that the trial court committed reversible error by failing to complete a child support computation worksheet after modifying the magistrate's decision. In Marker v. Grimm (1992), 65 Ohio St.3d 139, the Supreme Court of Ohio held at syllabus:
 1. A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record.
 2. The terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects.
The trial court must strictly comply with the provisions of R.C.3113.215 which require a trial court to recalculate the amount of support required to be paid in accordance with the schedule and applicable worksheet when modifying a child support order. McCoy v. McCoy (1995), 105 Ohio App.3d 651.
Marker requires that the child support computation worksheet be included in the court file. The worksheet may be attached to a magistrate's decision. As long as the trial court relies upon the magistrate's worksheet, the trial court need not complete another worksheet or attach a worksheet to the judgment entry in order to comply with Markeror R.C. 3113.215. However, in the instant case, the trial court modified the amount of child support that the magistrate recommended appellant pay. There is no child support computation worksheet in the record reflecting the actual order entered by the trial court. Because the trial court modified the magistrate's decision, another child support computation worksheet must be completed and be made a part of the record.
Appellant's first assignment of error is sustained.
 III.
Because of the disposition of appellant's first assignment of error, the remaining three assignments of error are moot.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONABLE, P.J. and JAMES M. PORTER, J. CONCUR.
 ___________________________ LEO M. SPELLACY, JUDGE