DECISION AND JUDGMENT ENTRY
Dana Jones appeals the child support order issued by the Lawrence County Common Pleas Court. Jones contends that the trial court erred in failing to use a child support worksheet to calculate his support obligation. Because former R.C. 3113.215 mandates use of a child support worksheet, we agree. The mother and custodial parent of Jones' child, Rita Brister, concedes that the trial court committed reversible error by failing to utilize a child support worksheet. In conceding that a remand is appropriate, Brister also asks this court to require the trial court to modify its previous order by using an earlier start date in calculating the retroactive support due to her. Because Brister failed to preserve her request to modify the trial court's judgment by filing a cross appeal, we deny it. Accordingly, we reverse and remand the judgment of the trial court with instructions to determine Jones' child support obligation using the applicable child support worksheet.
 I.
Jones and Brister married and had one child prior to their divorce in 1996. The divorce decree awarded custody of the child to Jones, but did not require Brister to pay child support. On January 18, 2000, upon Brister's motion, the court modified the custody order and granted temporary custody to Brister. On May 31, 2000, Brister filed a motion for permanent custody and for child support. In her motion, Brister asked the court to make Jones' support obligation retroactive to January, 2000, when she became the primary custodial parent.
On November 8, 2000, the trial court issued an order requiring Jones to pay child support. The trial court did not complete and record a child support worksheet. In its order, the trial court added a provision making the child support obligation retroactive to June 1, 2000, but did not provide its rationale for selecting that effective date.
Jones timely appeals and asserts the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION IN COMPUTING THE CHILD SUPPORT TO BE PAID BY THE APPELLANT.
 II.
In his only assignment of error, Jones asserts that the trial court erred in issuing the child support order without preparing a child support worksheet or making factual determinations supporting any deviation from the child support guidelines.
Former R.C. 3113.215[1] required that any court establishing or modifying child support use the worksheet provided in the statute. The Supreme Court of Ohio has determined that "the requirements of R.C.3113.215 are very specific and are mandatory in nature, and the trial court's failure to comply with the literal requirements of the statute constitutes reversible error." Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph two of the syllabus; see, also, Brooks v. King (June 22, 2000), Lawrence App. No. 99CA24, unreported. The primary purpose for requiring the worksheet is to ensure meaningful appellate review of the trial court's actions in establishing or modifying support. Brooks, citingMarker at 142. Furthermore, "any court-ordered deviation from the applicable worksheet and the basic child support schedule * * * must include findings of fact to support such determination." Marker at paragraph three of the syllabus.
In this case, the parties agree that the trial court did not prepare a child support worksheet as required by former R.C. 3113.215. Nor did the trial court make factual findings to support any deviation from the worksheet. The record does not contain any calculations or other information from which we may meaningfully review whether the support obligation imposed upon Jones was appropriate. Accordingly, we sustain Jones' assignment of error.
Although R.C. 3113.215 was repealed, Am.Sub.S.B. 180 did not eliminate the worksheet requirement. R.C. 3119.02 provides:
 In any action in which a court child support order is issued or modified, in any other proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order, or when a child support enforcement agency determines the amount of child support that will be paid pursuant to an administrative child support order, the court or agency shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the revised code. * * *
(Emphasis added.) Accordingly, on remand, the trial court shall calculate Jones' obligation using a child support worksheet as required by current statutory procedure.
 III.
Brister concedes that the trial court committed reversible error in failing to prepare a child support worksheet, and that this case is appropriate for remand. Additionally, Brister asserts that the trial court erred in limiting the retroactive support due to her. Brister seeks to have us order the trial court to modify the date from which it ordered retroactive support from June 1, 2000 to an unspecified date in January, 2000.
Pursuant to App.R. 3(C), an appellee who seeks to modify the trial court's judgment must file a notice of cross appeal. App.R. 3(C) provides:
 (1) Cross appeal required. A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4.
 (2) Cross appeal not required. A person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal.
In this case, Brister seeks to change the trial court's judgment. Specifically, Brister seeks an appellate order directing the trial court to either order support from the January date upon which she moved for or received custody or state its rationale for selecting another date.[2]
However, because Brister failed to file a notice of cross appeal, she has waived any argument relating to the effective date for retroactive support. Accordingly, we decline to address her argument.
 IV.
In conclusion, we find that the trial court erred in failing to complete and record a child support worksheet as required by statute. Accordingly, we reverse and remand this cause for further proceedings consistent with this appeal.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
For the Court
 ____________________________ Roger L. Kline, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] R.C. 3113.215 was in effect when the trial court ruled upon Brister's motion. R.C. 3113.215 was repealed, effective March 22, 2001, by Section 2, Am.Sub.S.B. 180.
[2] We note that Brister seeks retroactive payments to the date she moved for or received temporary custody in January, 2000. Generally, a trial court must state its reasons for limiting the retroactivity of a child support modification to an effective date other than the date themotion for modification was filed, in this case, May 31, 2000. Archer v.Archer (Sept. 24, 1997), Pickaway App. No. 96CA37, unreported, citingHamilton v. Hamilton (1995), 107 Ohio App.3d 132.