[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellee Lawrence Foley moved the juvenile court for a reduction in his child-support obligation when his income diminished because the painting company that he had worked for went out of business. The court reduced the amount of the support obligation and the appellant, the Hamilton County Child Support Enforcement Agency ("CSEA"), has now appealed to "seek enforcement of *** laws relating to the duty of support."[1] CSEA raises two assignments of error related to the manner in which the court rendered its judgment.
CSEA claims that the juvenile court failed to complete a child-support worksheet as required by statute, or, in the alternative, that the court abused its discretion by failing to consider all of the evidence presented to it. For the reasons that follow, we overrule CSEA's assignments of error and affirm the court's judgment.
Foley moved the juvenile court to reduce his child-support obligation in May of 2000. He was then paying $483.41 per month to support his sixteen-year-old daughter. At an initial hearing on Foley's motion, the court was informed that Foley had lost his job as a painter and was unsuited to find comparable employment because of work-related stress to his shoulder. The court completed the requisite child-support worksheet,[2] imputed minimum-wage income to Foley, and reduced his support obligation to $174.11 per month.
Plaintiff Caroline Rentschler-Davis, the child's mother, was not present at the initial hearing. She had not received notice of the hearing, although it initially appeared that she had. So the juvenile court "vacated" its prior entry, with the "exception" that child support was to remain at $174.11 per month, and granted a new hearing.
The emphasis in the new hearing was on establishing the income that could have been attributable to Foley from a family painting business that had been begun by Foley's wife after Foley lost his job. The evidence established that the net income from the business was $25,500. Mrs. Foley testified that fifty percent of the business was attributable to her, and that the remaining fifty percent was shared by Foley and her stepson from a prior marriage.
Another issue that arose during the hearing was Rentschler-Davis's assertion that Foley was eligible to receive a pension, but that he had chosen to defer the payments so that they would not be included in the calculation of his child-support obligation. Subsequent investigation with the pension administrator revealed that Foley would not be eligible to begin receiving the pension until after his daughter turned eighteen. When the juvenile court received confirmation of Foley's ineligibility for immediate benefits, it "sustained" the earlier reduction in child support and "overruled" Rentschler-Davis's "objections" to that recalculation.
CSEA now complains that the juvenile court erred as a matter of law by failing to complete a new child-support worksheet for the second hearing, or, in the alternative, that the court abused its discretion in failing to consider the evidence it received at the new hearing. Because the child-support worksheet from the first hearing is part of this record, and because we cannot conclude that the court abused its discretion in deciding that the evidence from the second hearing did not alter the calculations included in that worksheet, we overrule both assignments of error.
R.C. 3115.21(B)(1) obligates a court to complete a child-support worksheet in any "proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order." And the Ohio Supreme Court has strictly interpreted the requirements of the statute "in all material respects."[3] In this case, the court adhered to the statute in all material respects. A child-support worksheet that imputed minimum-wage income to Foley was properly completed in response to Foley's motion to modify his support obligation. And it is part of the record for our review. Thus, we overrule CSEA's first assignment of error.
Moreover, we cannot conclude that the juvenile court abused its discretion in failing to consider evidence presented at the second hearing. Had the court in fact failed to consider the evidence in that hearing, it may very well have abused its discretion. But we cannot say from the evidence presented at the second hearing that the court erred in continuing to impute a minimum-wage income to Foley. The court's minimum-wage assumption allocated forty-two percent of a three-person family business to Foley. And no other potential sources of income were revealed during the lengthy hearing. If anything, the evidence adduced at the second hearing could have justified a further reduction in Foley's child-support obligation. Thus, we cannot conclude that the court failed to consider the evidence before it.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] See R.C. 3115.01(U)(1).
[2] See R.C. 3115.215(B)(1).
[3] See Marker v. Grimm (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph two of the syllabus.