OPINION
Appellant John Metcalf appeals a judgment of the Stark County Common Pleas Court, Domestic Relations Division, granting him a divorce from appellee Tina Metcalf, and ordering spousal and child support:
ASSIGNMENTS OF ERROR
 I. THE COURT FAILED TO ATTACH A CHILD SUPPORT WORKSHEET TO THE COURT'S FINAL ORDER.
 II. THE COURT CONSIDERED AS AN EXHIBIT A LETTER FROM THE DEFENDANT'S DOCTOR DESPITE ESTABLISHING THE AUTHENTICITY OF THE LETTER AND DESPITE THE LETTER CONTAINING HEARSAY WHICH DOES NOT MEET ANY OF THE HEARSAY EXCEPTIONS AS PROVIDED IN THE RULES OF EVIDENCE.
 III. THE COURT ERRED IN AWARDING SPOUSAL SUPPORT IN THE AMOUNT OF $500.00 PER MONTH.
 IV. THE COURT ERRED WHEN IT GRANTED THE DEFENDANT ONE OF THE MINOR CHILDREN AS AND FOR A TAX DEPENDENT.
Appellee and appellant were married in 1993. They had two children, John Metcalf, III., born March 5, 1997, and Shelton Metcalf, born October 16, 1998.
Appellant filed the instant action seeking a divorce on the grounds of incompatibility. Prior to trial, the parties agreed on shared parenting of the children, with the court to settle the details of companionship, and determine which of the parties was to be the residential parent of the children for school purposes. The parties also had agreed on most of the details of the property division. The case proceeded to trial, focusing on the issues of spousal support, child support, and who should be the residential parent for school purposes. Following trial, the court named appellant the residential parent for purposes of school. The court ordered appellant to pay appellee support of $366 per child per month. The court also ordered appellant to pay appellee spousal support in the amount of $500 per month for 36 months, with the court retaining jurisdiction over spousal support. The court awarded appellant the tax dependency exemption for one child, and appellee the exemption for the other child. Finally, the court set forth a companionship order, specifying the days and times in which each party should have companionship of the minor children.
 I
Appellant argues that the court erred in failing to attach a child support worksheet to the final order. We agree.
The Ohio Supreme Court has found that R.C. 3113.215 mandates that a court complete a child support computation worksheet. Marker v. Grimm
(1992), 65 Ohio St.3d 139, 141-42. R.C. 3113.215 has been repealed and replaced by R.C. 3119.02, which includes the identical language as the former statute, concerning the responsibility of the court to calculate the amount of child support in accordance with the child support schedule and applicable worksheet. If completion of a worksheet is required, the trial court must include the worksheet in the record. Id. at 142.
This court has previously held that while the trial court is responsible to ensure that a child support computation worksheet is completed and is correct, Marker did not intend to require a trial court to prepare a worksheet identical to a worksheet already prepared and filed by a party, and the court may therefore adopt a worksheet by one of the parties which it finds to be correct. Young v. Young (September 26, 2000), Tuscarawas Appellate No. 1999AP110060, unreported. However, a court does not comply with Marker where a child support worksheet, unsigned by the parties and docketed after the trial court's decision, is not referenced in the transcript or the judgment entry of the trial court. Strubel v. Strubel (December 20, 1993), Stark Appellate No. 9298, unreported.
In the instant case, the exhibits reflect that the worksheet completed by each of the parties was admitted into evidence. However, the trial court did not specifically adopt either of these worksheets. The worksheet submitted by appellant concludes that appellant would owe child support in the total amount of $334.62 per month. In contrast, the worksheet submitted by appellee reaches a conclusion that appellant owes monthly child support in the amount of $410.25 per child. The court does not enter an amount consistent with either worksheet, but orders child support in the amount of $336 per month per child. Therefore, it is apparent from the record the court did not adopt either worksheet submitted by the parties. The court therefore did not comply with the requirements of R.C. 3119.02 and Marker v. Grimm, supra.
The first assignment of error is sustained.
 II
In his second assignment of error, appellant argues that the court erred in considering an exhibit which was a letter from appellee's clinical counselor. The letter states that appellee continues to make good progress in therapy, but it would be in her best interest to not seek outside employment at the current time, due to her need to continue to focus on taking care of her needs and those of her children. Appellant argues that this letter was not properly authenticated, and contains inadmissible hearsay.
The information provided in the letter is essentially cumulative of appellee's testimony. Appellee testified that her therapist believed she should not work at the current time, and that it was important to her to be at home with her two pre-school children. Tr. 41. She further testified that her doctor told her she would probably be on medication for depression and a bipolar disorder for the rest of her life. Tr. 44. She testified that she had been in therapy for two and one-half years, and that she believed working outside of the home would be more stressful for her at the current time than staying home and raising her children. Tr. 52-53. The letter was cumulative of appellee's testimony and therefore not prejudicial. While appellant objected to appellee's testimony at trial, he does not assign error to her testimony concerning her therapist's opinion of her situation.
The second assignment of error is overruled.
 III
Appellant argues that the court erred in awarding spousal support in the amount of $500 per month.
While the trial court does not specifically enumerate the statutory factors on which he relied on awarding spousal support, the findings of the court do indicate a sufficient basis to allow this court to review his reasons for awarding spousal support. The court finds that at the time of trial, appellant was 27 years old, in good health, and had completed high school. He was employed by the Timken Company, earning $44,000 per year. Appellee was 29 years old, had completed high school, and was in good health. Her 2000 reported earnings were approximately $1200, while employed at Smith's IGA. She was not employed at the time of trial. The court further found that appellee had been diagnosed with a bipolar disorder, and was prescribed medication as a result of this problem. She was attending clinical counseling once a month, and psychiatric counseling once every three months. The parties had two minor children, age four and two at the time of the divorce decree.
Based on the evidence of appellee's condition at the time of the divorce, and the great disparity in income between the parties, appellant has not demonstrated the court abused its discretion in awarding spousal support in the amount of $500 per month for 36 months.
The first assignment of error is overruled.
 IV
Appellant argues that the court erred in awarding the tax exemption for one of the minor children to appellee.
While generally under the Internal Revenue Code, the residential parent receives the tax dependency exemption, the trial court has the authority to award the exemption to the non-residential parent if doing so will further the interest of the child. Singer v. Dickinson (1992),63 Ohio St.3d 408, 411. The child's interests are furthered if allocation of the exemption to the non-residential parent produces a net tax savings; that is, if the non-residential parent's taxable income falls into a higher tax bracket than the residential parent. Id. at 415.
Although the instant case was a shared parenting case, it is apparent from the record that appellant's income falls into a higher tax bracket than that of appellee. The record reflects that appellant was employed, earning $44,000 per year, while appellee was not employed at the time of trial, and in her most recent employment, had earned only $1200 annually. While the court states on the record he intended to impute some income to appellee for child-support purposes, in the absence of a child-support worksheet, as discussed in I above, we cannot determine how much, if any income he has imputed to appellee. Further, the court makes no findings in support of its division of the tax dependency exemptions.
As it appears from the record that the division of the tax exemptions is not supported by the evidence, and in light of our remand for reconsideration of child support in accordance with a child-support worksheet, the fifth assignment of error is sustained.
The judgment of the Stark County Common Pleas, Domestic Relations Division, ordering appellant to pay child support in the amount of $336 per month per child is reversed, and this case is remanded to that court with instructions to calculate and award support in accordance with the procedures set forth in R.C. 3119.02, R.C. 3119.021, and R.C. 3119.022. The court's judgment awarding each party one of the tax dependency exemptions is also reversed, and this cause is remanded for reconsideration of dependency exemptions, in accordance with applicable law. In all other respects, the judgment is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas, Domestic Relations Division, ordering appellant to pay child support in the amount of $336 per month per child is reversed, and this case is remanded to that court with instructions to calculate and award support in accordance with the procedures set forth in R.C. 3119.02, R.C. 3119.021, and R.C. 3119.022. The court's judgment awarding each party one of the tax dependency exemptions is also reversed, and this cause is remanded for reconsideration of the division of the dependency exemptions, in accordance with applicable law. In all other respects, the judgment is affirmed. Costs to be split evenly between the parties.
By Gwin, P.J., Farmer, J., and Edwards, J., concur