DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a judgment issued by the Huron County Court of Common Pleas, Domestic Relations Division, dealing with the modification of a child support order upon the emancipation of one of two children. Because we conclude that the trial court erred in dismissing appellant's motion to modify, we reverse.
In November 2000, the Huron County Court of Common Pleas, Domestic Relations Division, accepted and confirmed the registration of a foreign child support order filed by appellant, Maureen M. Fury. The order originated from a Montana divorce between appellant and appellee, John E. Fury, Jr. Appellant currently lives in New York and sought to enforce and modify the support order for the parties' two children. In July 2001, based upon appellant's gross annual income of $445,509 and appellee's annual income of $24,461, the court modified the support amount. Appellant was ordered to pay $1735.71 per month and $1,000 per month toward arrearages, plus administrative fees.
In November 2001, the Huron County Child Support Enforcement Agency ("HCCSEA") received notice that the parties' oldest child was emancipated, having turned eighteen and graduated from high school. The HCCSEA conducted an investigation pursuant to R.C. 3119.89 and concluded that the support order for the oldest child should be terminated and the amount modified. Pursuant to R.C. 3119.89, the agency reduced the support amount by the pro-rata calculation of one-half and recommended that any arrearage be reduced to judgment. On December 4, 2001, the court issued its acceptance of the agency's findings. The parties were notified of these findings and of their right to request an administrative hearing within thirty days. On January 10, 2002, appellant filed her own motion for notice of emancipation and request for modification of the support order.
On January 22, 2002, the court, finding that neither party requested an administrative hearing, adopted the recommendations as to the reduced monthly support amount, but ordered that the arrearage of $14,339.57 be paid at an additional $1867.85 per month, plus fees. On January 29, 2002, appellant moved the court to set aside this judgment entry, stating that the agency knew of her disagreement with the order and that her motion for modification was still pending before the court. Appellee then moved to dismiss the motion for modification on the grounds that appellant failed to exhaust her administrative remedy as to the HCCSEA review and order, and had not demonstrated sufficient changed circumstances to warrant a modification of that order. After a non-oral hearing, the court denied appellant's motion to vacate the January 22, 2002 order and granted appellee's motion to dismiss.
Appellant appeals that judgment, setting forth the following four assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "The Trial Court Violated Due Process of Law and Committed Error Prejudicial to the Appellant When it Issued a Judgment Entry on January 22, 2002 Without Considering the Appellant's Motion to Modify Child Support Filed with the Trial Court on January 10, 2002.
"ASSIGNMENT OF ERROR NO. 2
 "The Trial Court Erred to the Prejudice of the Appellant, Maureen Fury, When it Issued a Judgment Entry of Child Support that Did not Include a Child Support Computation Worksheet.
"ASSIGNMENT OF ERROR NO. 3
 "The Trial Court Erred When it Failed to Address the Obvious Inconsistencies in ORC 3119.89 and the Other Provisions of ORC 3119.
"ASSIGNMENT OF ERROR NO. 4
 "The Trial Court Erred When it Did Not Invoke it's [sic] Express Authority Granted Under ORC 3119.84 to Modify the Support Obligation Due Under the Administrative Proceedings, When the Court had Knowledge Appellant's January 10, 2002 Motion Raised Issues as to the Appropriateness of the Amount of the Amended Child Support Obligation, Before the Court Issued it's [sic] January 22, 2002 Entry."
 I.
We will address appellant's first, third and fourth assignments of error together. Appellant essentially argues that the trial court erred in failing to consider appellant's motion to modify child support before issuing judgment as to the agency review and recommendations.
R.C. 3119.60, et seq., effective March 22, 2001, provides the statutory scheme for the systematic review of child support orders by a local child support enforcement agency. R.C. 3119.89 sets out a pro-rata formula to calculate a reduction in court-ordered child support upon the emancipation of a child under that order. R.C. 3119.90 states that the agency will provide notice to the obligor and obligee of the results of its investigations that a support order should terminate, along with notice of the right to request an administrative hearing. R.C.3119.90(C)(4) provides that if an administrative hearing is requested within thirty days after receipt of the notice, then the revised administrative or court child support order will not be issued.
Upon a careful reading of R.C. 3119.90, nothing in the text indicates that the parties must file a request for an administrative hearing within thirty days from the results of the agency's internal investigation. Furthermore, nothing in the text indicates that the parties may not file a separate motion directly with the court to review and modify a child support order upon the emancipation of a child. The statute simply states that the notice sent by the agency must indicate "procedures and time deadlines for requesting the hearing."
Although the notice sent by the agency via the court requires the parties to file a request for an initial administrative hearing within thirty days, we can find nothing in this section which specifies such 30-day time limit or references any other section which would include such limits. In contrast, R.C. 3119.91 specifically notes that if neither party objects to the administrative hearing decision within thirty days of its issuance, the decision "is final and will be filed with the court. . . ." Consequently, in our view, the statutory scheme does not foreclose direct court review and recalculation of child support orders issued by a child support agency based upon the emancipation of a child. See Cesa v. Cesa, 5th Dist. No. 01 CA 12, 2001-Ohio-142. See also R.C. 3119.63 (review of agency revised child support orders may be made directly to the court without first requesting an administrative hearing).
Moreover, in this case, the trial court was aware of the motion to modify that was filed almost two weeks prior to issuing its decision to adopt the HCCSEA's calculations. Thus, pursuant to its continuing jurisdiction over child support orders, it had the authority to consider the issues presented by appellant. See R.C. 3105.65(B); Cesa, supra. Therefore, we conclude that the trial court erred in dismissing appellant's motion to modify the child support order based upon a failure to exhaust administrative remedies.
On remand, we are also directing the trial court to review and determine whether R.C. 3119.89 is irreconcilably in conflict with the R.C. 3119.021 child support calculation schedule.
Accordingly, appellant's first, third, and fourth assignments of error are well-taken.
 II.
Appellant, in his second assignment of error, contends that any time a child support order is modified, the trial court must include a child support worksheet.
We would agree that when a modification is based upon new information regarding the parties' incomes or a change in custody, the trial court must include a worksheet showing the basis for its recalculations and new order. See Marker v. Grimm (1982), 65 Ohio St.3d 139, syllabus. In this case, however, the calculations were based upon information already provided on a child support worksheet included in the July 2001 support order. The modification at issue here was based only on the agency's use of the R.C. 3119.89 formulary to calculate the reduction in support. In our view, the July 2001 worksheet was the basis of the new order and the court, without considering any other factors or new information, was not required to include another worksheet. If a trial court recalculates a support order after a child is emancipated based upon the child support guidelines in R.C. 3119.021, the court must then include a new worksheet.
Accordingly, appellant's second assignment of error is not well-taken.
The judgment of the Huron County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.