OPINION
{¶ 1} Plaintiff-Appellant, Pamella A. Barbosky ("appellant"), appeals from the judgment entered in the Delaware County Court of Common Pleas, Juvenile Division, sustaining the objections of defendant-appellee, Robert D. Barbosky ("appellee"), to the magistrate's decision modifying appellee's child support obligation to appellant. Appellant assigns as error:
 I {¶ 2} "The trial court erred in sustaining defendant's objections.
 II {¶ 3} "The trial court erred in ordering the modified award of child support to be effective August 9, 2002.
 {¶ 4} The parties herein were divorced in June of 1995. At the time of their divorce, the parties had three minor children.
 {¶ 5} Following their divorce, the parties filed numerous post-decree motions, including motions to modify the allocation of parental rights and responsibilities for their minor children.
 {¶ 6} In August of 2002, the court modified the allocation of parental rights and responsibilities with respect to the parties' two remaining minor children. Appellant was designated as residential parent and legal custodian of Ryan Barbosky (DOB 6/14/90) and the parties agreed to shared parenting for Sarah Barbosky (DOB 12/5/85), with appellee being designated as residential parent for school placement purposes. The parties reserved the issues of child support, allocation of tax exemptions, and amortization of appellee's overpayment of child support for the magistrate to resolve at a later date. The parties were ordered to file appropriate affidavits for the magistrate to decide these unresolved financial issues by August 23, 2002. Pursuant to the court's order, the parties did file affidavits and child support computation worksheets.
 {¶ 7} On February 6, 2003, the magistrate entered a decision finding that the parties' incomes were substantially equal. The magistrate made other findings and determined that appellee's child support obligations should be lowered to $250.00 per month and that this deviation from the child support figures was appropriate based upon the evidence submitted by the parties. Thereafter, appellee filed timely objections to the magistrate's decision. By judgment entered February 27, 2003, the trial court sustained appellee's objections and ordered that appellee have no child support obligations. The court made this order after finding that there was "no [child support] calculation form used" or filed for the magistrate to review.
 {¶ 8} Appellant filed a timely notice of appeal. We now turn to appellant's assignments of error.
 I {¶ 9} Through her first assignment of error, appellant maintains the trial court erred in finding no child support guideline worksheet was filed pursuant to Marker v. Grimm (1982) 65 Ohio St.3d 139. Appellant also maintains the trial court erred in concluding that appellee should have no child support obligation. We agree, in part, with appellee's arguments and for the following reasons remand this case to the trial court to consider the child support guidelines that were duly filed by both parties and are part of the record.
 {¶ 10} The Supreme Court of Ohio in Marker, supra, held as follows:
 "1. A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the court's record.
 "3. Any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination."
 {¶ 11} From the record before us, both parties filed affidavits and child support computation worksheets. (Docket p. 4 p. 83) Therefore, the parties complied with syllabus 1 of Marker, supra. In the magistrate's order and findings of fact, the magistrate explained the reasoning for its decision to deviate from the child support worksheets and child support schedule.
 {¶ 12} As such, it is clear from the record that the trial court made an erroneous determination that no worksheets were filed by the parties and considered by the magistrate. We therefore believe the trial court must reconsider its decision because of these erroneous determinations that were used as a basis for the court's ultimate decision.
 {¶ 13} Accordingly, we hereby remand this matter to the trial court for consideration of the child support guidelines, the parties' affidavits and the reasoning of magistrate's decision in support of deviation.
 {¶ 14} Appellant's first assigned error is hereby sustained.
 II {¶ 15} Appellant's second assignment of error is hereby rendered moot.
 {¶ 16} For the reasons stated above, the judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division, is hereby reversed and remanded to that court consistent with this court's memorandum-opinion.
By Farmer, J., Hoffman, J. and Wise, J. concur.