OPINION *Page 2 
{¶ 1} Defendant-appellant Christopher Bonacci (the father) appeals the decision of the Mahoning County Juvenile Court calculating his child support obligation regarding his child who resides with plaintiff-appellee Terry Grenga (the mother). In resolving this appeal two issues are addressed: (1) whether the juvenile court improperly failed to attach a statutory child support worksheet to its judgment when it modified the magistrate's decision; and (2) whether an obligor can receive an adjustment to income on line 8 of the child support worksheet as a result of another child living with him under a shared parenting agreement with a different obligee and simultaneously receive an adjustment on line 9 as a result of the $2,400 per year he nonetheless pays in child support for that other child.
 {¶ 2} As to the first issue, we conclude that the juvenile court erred when it modified the magistrate's figures without attaching its own child support worksheet. In addressing the second issue, we hold that under the plain language of the statute, the trial court also erred in proceeding as though line 8 and line 9 are options from which the court can choose. As such, the judgment of the trial court is reversed, and this case is remanded for the filing of a new child support worksheet based upon proper application of the law.
 STATEMENT OF THE CASE {¶ 3} On June 1, 2007, the mother filed a motion to modify the father's $130.60 monthly child support obligation because the father became more gainfully employed. A hearing was held on the matter before a magistrate. On September 5, 2007, the magistrate granted the motion to modify child support and ordered the father to pay $277.45 per month to the mother. The magistrate found that the mother earned $38,000 per year while the father earned $20,800 per year. Under the income adjustment in line 8 of the child support worksheet attached to the magistrate's decision, the magistrate credited the father with $6,800 for two other children living with him.
 {¶ 4} The father filed timely objections on the ground that the magistrate failed to give him credit on line 9 for child support he paid for one of those other children *Page 3 
living with him and included in line 8. The objections stated that he paid $500 per month in child support, but he later amended his objections to state the correct figure of $200 per month.
 {¶ 5} The impetus for this amendment was the mother's response to objections where she produced the shared parenting decree regarding the father's obligation to that other mother and where she pointed out that he paid only $200 per month for this other child. (This decree also showed that the father was granted physical custody of the other child more than half the time.) The mother's response additionally suggested that there was no evidence of a child support obligation presented at the magistrate's hearing.
 {¶ 6} When the court informed the parties that no transcript of the magistrate's hearing was available because the recording of such hearing was inaudible, the father filed an affidavit of evidence on November 19, 2007, regarding his testimony at such hearing. In pertinent part, he disclosed that two children lived with him and that for one of these children he paid support of $204 per month including the processing fee.
 {¶ 7} On November 20, 2007, the father filed a brief urging that the court is obligated to review each line of the statutory child support worksheet and cannot choose between line 8 or line 9. Oral arguments were held on December 18, 2007. The mother never filed any documents contesting the father's legal arguments, nor did she file her own affidavit of evidence concerning the father's testimony at the magistrate's hearing.
 {¶ 8} On February 27, 2008, the juvenile court released it judgment, ordering the father to pay $268.32 per month in child support. In considering the deductions to income, the court credited the father with $3,400 for one other child living with him (coinciding with line 8) and $2,400 for child support paid for another child (coinciding with line 9). Even though the total deductions to the father's income went down by $1,000 compared to the magistrate's decision, the court's monthly child support figure decreased from $277.45 to $268.32 (rather than increasing to approximately $289 as it would have had the court substituted its revised figures for the magistrate's figures in the worksheet). Although the court changed the magistrate's decision, the court did *Page 4 
not attach a child support worksheet to its entry. Only the father filed an appeal from this judgment.
 ASSIGNMENT OF ERROR {¶ 9} Appellant's sole assignment of error provides:
 {¶ 10} "THE TRIAL COURT ERRED BY NOT REVIEWING EACH AND EVERY LINE OF THE DEFENDANT-APPELLANT'S CHILD SUPPORT WORKSHEET AND GIVING HIM AN ADJUSTMENT FOR INCOME (DEDUCTION FOR PURPOSES OF ADJUSTED GROSS INCOME) ON LINE 9 OF THE OHIO CHILD SUPPORT WORKSHEET."
 {¶ 11} When a juvenile court makes or modifies a child support order, it must comply with Chapter 3119 among other statutes. R.C. 2151.23(G). When a court calculates child support, it is mandatory that the court use a worksheet identical to that statutorily provided in R.C. 3119.022. Thus, such worksheet must be completed and included in the record by the trial court. See Marker v. Grimm (1992), 65 Ohio St.3d 139, 142. It has been found harmless for a court to rely on a worksheet provided by another. See, e.g., In re Day, 7th Dist. No. 01BA28, 2003-Ohio-1215, ¶ 19 (if worksheet is complete). See, also, McCoy v. McCoy (1995), 105 Ohio App.3d 651. Thus, the court can rely on the magistrate's filed worksheet and fulfill its Marker obligation to use a worksheet and include it in the record. Kouchecki v. Kouchecki (July 6, 2000), 8th Dist. No. 76537.
 {¶ 12} However, where the court's figures vary from the magistrate's worksheet or when the court modifies the magistrate's child support award, application of such rule is improper and the rule set forth inMarker is not satisfied. Id. (trial court modified amount of child support that magistrate recommended). See, also, Tarr v. Walter, 7th Dist. No. 01JE7, 2002-Ohio-3188, ¶ 14-15 (court cannot use CSEA's worksheet where trial court disagreed with some of its numbers). Rather, there must be a child support worksheet reflecting the actual order entered by the trial court. Id.
 {¶ 13} Here, the trial court's order gave the father a $3,400 credit for one other child living with him in line 8 (whereas the magistrate gave the father a $6,800 credit for two other children), and the court then gave him credit for $2,400 paid in child support for another child in line 9 (whereas the magistrate gave the father no credit for *Page 5 
child support paid for another child). As such, the trial court was required to attach its own child support worksheet to the judgment. By failing to do, the court erred.
 {¶ 14} As aforementioned, when we attempted to substitute the figures listed in the trial court's judgment entry for the figures listed in the magistrate's worksheet, our final calculation of child support using the trial court's figures varied from those actually reached by the trial court. Notably, the trial court decreased the magistrate's adjustment to the father's income by $1,000 (and thus increased his income by $1,000). However, the final child support amount ordered by the trial court was lower than that ordered by the magistrate. Mathematically, when the father's income is increased by the trial court, the amount of his monthly child support obligation would also increase, rather than decrease. As such, the trial court here could not have relied on the magistrate's worksheet combined with the figures in its entry. This further emphasizes the need for the trial court to issue its own child support worksheet when it modifies the magistrate's figures.
 {¶ 15} This case must thus be reversed and remanded for the issuance of the statutory child support worksheet. However, before doing so, we must establish the proper law regarding adjustments to income. Under the adjustments to income heading, lines 8 and 9 of the child support worksheet provide:
 {¶ 16} "8. Adjustment for minor children born to or adopted by either parent and another parent who are living with this parent; adjustment does not apply to stepchildren (number of children times federal income tax exemption less child support received, not to exceed the federal tax exemption).
 {¶ 17} "9. Annual court-ordered support paid for other children." R.C. 3119.022.
 {¶ 18} Similarly, R.C. 3119.05 provides in pertinent part:
 {¶ 19} "When a court computes the amount of child support required to be paid under a court child support order or a child support enforcement agency computes the amount of child support to be paid pursuant to an administrative child support order, all of the following apply:
[emphasis added].
 {¶ 20} "* * *
 {¶ 21} "(B) The amount of any pre-existing child support obligation of a parent under a child support order and the amount of any court-ordered spousal support *Page 6 
actually paid shall be deducted from the gross income of that parent to the extent that payment under the child support order or that payment of the court-ordered spousal support is verified by supporting documentation. [Corresponds to line 9].
 {¶ 22} "(C) If other minor children who were born to the parent and a person other than the other parent who is involved in the immediate child support determination live with the parent, the court or agency shall deduct an amount from that parent's gross income that equals the number of such minor children times the federal income tax exemption for such children less child support received for them for the year, not exceeding the federal income tax exemption." [Corresponds to line 8].
 {¶ 23} It must be pointed out here that the magistrate found that two children lived with the father and credited him with such in line 8. We also point out that the mother never objected to this finding.[1] The father objected to the failure of the magistrate to give him an additional credit for the $2,400 paid per year in child support to another child. By decreasing the number to one child in line 8 and by inserting the child support amount paid for the other child in line 9, the trial court apparently found that an obligor cannot get credit for the same child in lines 8 and 9. However, under the plain reading of the worksheet and under the plain language of R.C. 3119.05, lines 8 and 9are not mutually exclusive.
 {¶ 24} As emphasized above, when a trial court computes income, "all of the following apply:" a deduction for pre-existing child support and a deduction for other children living with the obligor in an amount equaling the federal exemption times the number of such other children. Furthermore, the worksheet provides nothing to suggest the lines are mutually exclusive. Rather, the worksheet shows that lines 8 and 9 are two separate and unrelated adjustments. The entire worksheet must be filled out to arrive at the presumptively correct figure.
 {¶ 25} It can also be noted that where the parent gets the exemption credit in line 8, the legislature saw fit to specify that the line 8 credit is decreased by any child *Page 7 
support received for that child. See R.C. 3119.05(C). This supports the position that in addition to receiving the line 8 credit (based on the fact that another child lives with the obligor), the obligor would also receive credit in line 9 for child support he paid to such child. That is, policy-wise an obligor with another child living with him is given a credit equal to the federal exemption due to the money he must spend on that child at home; however, where that same obligor is also paying child support for that child, that obligor is considered to be dually burdened.
 {¶ 26} The legislature could have easily provided that child support paid in line 9 is reduced by the exemption credit in line 8 or vice versa. Instead, they provided two different questions in two different lines in the worksheet which the trial court is mandated to complete, and they enacted a statute directing that the rules underlying lines 8 and 9 are both applicable. See R.C. 3119.05. Nowhere is there indicated an intent to somehow require a set-off or a choice between lines 8 and 9. Consequently, the lines are not mutually exclusive.
 {¶ 27} For all of the foregoing reasons, the judgment of the trial court is hereby reversed, and this case is remanded for the completion of a statutory child support worksheet using the proper legal standards.
Waite, J., concurs.
DeGenaro, P.J., concurs.
[1] We note that the mother's filings show the father was given physical custody of that other child more than half the time. SeeCaniglia v. Caniglia (May 15, 2000), 12th Dist. No. CA99-10-180 (obligor can receive full credit in line 8 for other children that do not live with him all the time, where children spent approximately an equal amount of time with each parent). See, also, Edmonds v. Edmonds (Sept. 19, 1994), 4th Dist. No. 93 CO1604 (noting IRS requirements for receipt of federal exemption). We also note the deviation procedure in line 24, which can be used in certain circumstances. See R.C. 3119.23. *Page 1