OPINION
{¶ 1} Defendant-appellant, Fred Combs, appeals from a decision of the Warren County Court of Common Pleas, Domestic Relations Division, denying his motion to modify his child support obligation. We affirm the decision of the trial court.
 {¶ 2} Appellant and plaintiff-appellee, Regina Combs, divorced in 1996 and appellant was ordered to pay child support for their two minor children. At the time of the divorce, he was employed with Delphi Automotive Systems and earned a yearly salary of $97,000. Appellee was not employed outside the home.
 {¶ 3} Appellant retired in November 2000. His retirement was precipitated by charges brought against him by his employer that he had been fraudulently compensated for time not worked. In a negotiated settlement of the allegations, appellant admitted to a charge of gross employee misconduct and agreed to retire November 1, 2000, with full benefits. Appellant was 52 years old at the time of his retirement and had worked for Delphi for 34 years. He was eligible to retire after thirty years of service. After retiring from Delphi, appellant obtained a part-time job earning $10 per hour.
 {¶ 4} Appellant subsequently filed a motion with the trial court requesting that his child support obligation be reduced due to the decrease in salary he experienced as a result of his retirement. After a hearing before a magistrate, the motion was granted. However, upon appellee's objection, the trial court denied the motion and reinstated the previous child support order, finding that appellant was voluntarily underemployed. Appellant appeals, raising three assignments of error.
Assignment of Error No. 1
 {¶ 5} "The trial court abused its discretion in declaring Fred Combs as voluntarily underemployed pursuant to R.C. 3113.215."
 {¶ 6} R.C. 3119.01[1] provides that "income," for purposes of determining an appropriate child support order, consists of the sum of the gross income of the parent and any "potential income" of the parent if voluntarily underemployed. Whether a parent is "voluntarily underemployed" within the meaning of R.C. 3119.01 is a matter to be determined by the trial court based upon the facts and circumstances of each case. Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus. The trial court's determination on this issue will not be disturbed on appeal absent an abuse of discretion. Id. More than an error of law or judgment, an abuse of discretion connotes that the trial court's decision is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 7} The primary design and purpose of R.C. 3119.01 are to protect and ensure the best interests of children. See Marker v. Grimm
(1992), 65 Ohio St.3d 139, 141-142. Thus a parent's subjective motivations for being voluntarily unemployed or underemployed play no part in the determination whether potential income is to be imputed to that parent in calculating the child support obligation. Rock at 112.
 {¶ 8} In the present matter, the testimony indicates that appellant retired at the age of 52. While appellant's decision to retire may have been motivated in part by his desire to avoid disciplinary charges and possible termination of his employment, his decision was ultimately voluntary. Any pressure exerted by appellant's employer to encourage him to retire early was precipitated by appellant's own misconduct and thus does not alter the voluntary nature of his retirement. In addition, there is evidence that appellant could have maintained his employment with the union, having served as a union representative for more than a decade. However, appellant chose not to pursue employment with the international union upon his retirement from Delphi.
 {¶ 9} There is nothing present in the record before us indicative of an abuse of discretion. The trial court clearly followed the law in determining the parties' child support obligations, and we accordingly overrule appellant's first assignment of error.
Assignment of Error No. 2
 {¶ 10} "Even if the appellant was voluntarily under employed, the trial court did not impute income according to R.C. 3113.215(A)(5)(a), and therefore abused it's [sic] discretion in granting the objections to the magistrate's decision."
 {¶ 11} Appellant next contends that insufficient evidence was presented at trial for the trial court to impute any amount of income to him.
 {¶ 12} Pursuant to R.C. 3119.01(C)(11)(a), when determining the amount of income to be imputed to an underemployed parent, the trial court is to consider the following criteria:
 {¶ 13} "(i) The parent's prior employment experience;
 {¶ 14} "(ii) The parent's education;
 {¶ 15} "(iii) The parent's physical and mental disabilities, if any;
 {¶ 16} "(iv) The availability of employment in the geographic area in which the parent resides;
 {¶ 17} "(v) The prevailing wage and salary levels in the geographic area in which the parent resides;
 {¶ 18} "(vi) The parent's special skills and training;
 {¶ 19} "(vii) Whether there is evidence that the parent has the ability to earn the imputed income;
 {¶ 20} "(viii) The age and special needs of the child for whom child support is being calculated under this section;
 {¶ 21} "(ix) The parent's increased earning capacity because of experience;
 {¶ 22} "(x) Any other relevant factor."
 {¶ 23} We initially observe that the record contains evidence relevant to many of these factors. Appellant graduated from high school and holds an associate degree. He was employed with Delphi for 34 years and the record contains evidence of appellant's recent income. Since retirement, appellant obtained a part time job earning $10 per hour. Appellant is 52 years old and there is no evidence that he suffers from any mental or physical health disabilities which would prevent him from working full time.
 {¶ 24} Further, the trial court was aware of the prevailing wages and job opportunities in the community from appellant's own testimony regarding his employment at Delphi and with the union, positions for which appellant was qualified and which appellant voluntarily left or chose not to pursue further. Additional evidence on these factors was not necessary in this circumstance. See Bowlin v. Steele (Feb. 7, 2000), Butler App. No. CA99-06-117. Accordingly, the assignment of error is overruled.
Assignment of Error No. 3
 {¶ 25} "Even if the appellant is found to be underemployed, the trial court failed to calculate and attach a child support worksheet pursuant to R.C. 3113.215(B)(4)."
 {¶ 26} Appellant lastly contends that the trial court erred by failing to complete a new child support worksheet and including it in the record.
 {¶ 27} R.C. 3119.02 requires that, "[i]n any action in which a child support order is issued or modified, * * * the court shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule [and] the applicable worksheet[.]" In such circumstances a child support worksheet must be completed and made a part of the record. Marker, 65 Ohio St.3d at 142.
 {¶ 28} However, in this instance, where the trial court determined that no change in circumstances had occurred warranting a modification of the child support order, the trial court had no obligation to complete a new child support worksheet. Finding no basis on which to modify appellant's child support obligation, the trial court's decision unambiguously maintained the prior child support order entered at the time of the parties' divorce. Consequently, appellant's third assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] While appellant refers to R.C. 3113.215, this statute was repealed effective March 21, 2001. The statute utilized by the trial court and relevant to this appeal is R.C. 3119.01. The statutory provisions are analogous.